708 So.2d 523 (1998)
Walter BANKS, Plaintiff-Appellee.
v.
STATE FARM INSURANCE COMPANY, et al., Defendants-Appellants.
No. 30868-CA.
Court of Appeal of Louisiana, Second Circuit.
March 5, 1998.
Hicks and Hubley by Michael S. Hubley, Shreveport, for Defendants-Appellants State Farm General Insurance Company and Carolyn L. Allen.
*524 Brittain & Sylvester by Russell L. Sylvester, Natchitoches, for Plaintiff-Appellee.
Before NORRIS, HIGHTOWER and STEWART, JJ.
STEWART, Judge.
In this case, the trial court granted a partial summary judgment on the issue of liability alone "in favor of Walter L. Banks and against the defendant, Carolyn L. Allen." The court also rejected all claims of comparative negligence pled by the defendants against Walter Banks. Furthermore, the attorneys for plaintiff and defendants agreed that the partial judgment was a "final judgment" in accordance with Louisiana Code of Civil Procedure Article 1915(B)(1). The order of appeal signed by the district court judge granted defendants, Carolyn L. Allen and State Farm Insurance Company, a devolutive appeal "from the Final Judgment" rendered by the trial court. However, the order of appeal made no express determination as required by La. C.C.P. art. 1915(B) that there is no just reason for delay of an immediate appeal.
Because of 1997 amendments to Article 1915 of the Louisiana Code of Civil Procedure concerning partial judgments and their appealability, the above-outlined events in this case are problematic. In order to address these problems and to guide trial courts in their new roles under Article 1915, we are rendering and publishing this order.
The partial summary judgment in this case falls within the scope of the provisions of Article 1915(A) which enumerate those partial final judgments permitted by our Code of Civil Procedure. However, while such partial judgments were immediately appealable under Article 1915 prior to its 1997 amendment, such no longer is the case. The 1997 amendments plainly were patterned after the provisions of Rule 54 of the Federal Rules of Civil Procedure. Under Rule 54(b) a court may direct the entry of a final judgment as to one or more, but fewer than all of the claims or parties "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." In the absence of such a determination and direction, commonly referred to as "certification," any order or other form of decision that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not terminate the action as to any of the claims or parties, and the order or other form of decision is "subject to revision at any time before the entry of judgment adjudicating the claims and the rights and liabilities of all the parties." F.R.C.P. 54(b).
The amended provisions of Article 1915(B) make manifest the legislative intent that Louisiana courts follow a certification procedure. We emphasize its provisions:
(A) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories, or parties, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
Both Louisiana courts and federal courts have historic policies against piecemeal adjudications and appeals, and these important policies must be considered when a trial court makes a determination of whether or not to certify a partial judgment. If all judgments that adjudicated fewer than all the claims or defenses, or adjudicated the claims or defenses of one or more but less than all the parties were immediately appealable, "there would be intolerable problems of multiple appeals and piecemeal litigation." *525 Everything on Wheels Subaru, Inc. v. Subaru South Inc., 616 So.2d 1234 (La.1993). In light of the 1997 amendments to La. C.C.P. art. 966 that appear to have greatly expanded the scope of summary judgments, and the fact that such summary judgments are specifically included on the list in Article 1915(A), our current protection against intolerable piecemeal appeals is the "determination and designation" or certification requirement in Article 1915(B). Furthermore, while Rule 54(b) does not contain a list of partial judgments, that rule is interpreted to reserve judgments thereunder "for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressuring needs of the litigants for an early and separate judgment as to some claims or parties." Morrison-Knudsen Co., Inc. v. Archer, 655 F.2d 962 (9th Cir. 1981). Federal courts also hold that certification of a judgment should not be granted as a courtesy or accommodation to counsel. See United States General, Inc. v. Albert, 792 F.2d 678 (7th Cir.1986).
Considering: (1) historic state and federal policies against piecemeal appeals; (2) the fact that the appealability of judgments has never been a matter controlled by the litigants in either state or federal courts; and (3) the prohibition in federal courts against certification as a courtesy or accommodation to counsel, we conclude that our legislature did not intend for the parties, by agreement, to be able to create a final judgment for the purpose of an immediate appeal, despite language in Article 1915(B)(1) that allows the parties to specifically agree for a judgment to constitute a "final judgment." Our conclusion is supported by the language of Article 1915(B) that contrasts the term "final judgment" in 1915(B)(1) with the term "final judgment for purpose of an immediate appeal" in 1915(B)(2). Under the provisions of Article 1915(B)(2), the latter term applies only after "a determination and designation" (certification) by the trial court, and not after specific agreement of the parties.
Thus, although the presence of a particular type of partial judgment on the list of Article 1915(A), as well as the agreement of the parties for there to be a "final judgment" under Article 1915(B)(1), are matters for the trial court to consider for purposes of certification, neither factor mandates certification. Instead, partial judgments should be certified only after a case-by-case consideration of the judicial administrative interests and equities involved. See Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). The trial court may consider the guiding factors listed in Allis-Chalmers Corp. v. Philadelphia Electric Co., 521 F.2d 360 (3d Cir.1975):
(1) The relationship between the adjudicated and unadjudicated claims;
(2) The possibility that the need for review might or might not be mooted by future developments in the district court;
(3) The possibility that the reviewing court might be obliged to consider the same issue a second time;
(4) The presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; and
(5) Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.
Trial courts should give written reasons for La. C.C.P. art. 1915(B) certification to facilitate appellate review. Here we have no determination that there was no just reason for delay of an immediate appeal and, of course, no reasons for signing the order of appeal. Any inference made by us from the order does not satisfy the codal requirement for a trial court's express determination.
We hereby remand this case for an express determination, with written reasons, of whether there is no just reason for delay. The trial court is directed to file its ruling and written reasons, in duplicate, with the clerk of this court on or before 4:30 p.m., April 3, 1998. The trial court ruling shall state whether or not summary judgment has been granted against State Farm as well as Carolyn L. Allen.
REMANDED WITH DIRECTIONS.