725 So.2d 59 (1998)
In the Matter of SUCCESSION OF Earl Albert TONCREY.
No. 98-C-2342
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1998.
Harriet R. Campbell Young, New Orleans, Louisiana Attorney for Relator.
George Pivach, II, Michael L. Martin, Belle Chasse, Louisiana, Attorneys for Respondent.
Court composed of Chief Judge PATRICK M. SCHOTT, Judge WILLIAM H. BYRNES III, Judge PATRICIA RIVET MURRAY.
BYRNES, Judge.
Relators, Elizabeth Toncrey Burnham and Earline Toncrey Winslow applied to this Court for a supervisory writ to review a partial summary judgment of the trial court on the issue of forced heirship. The judgment, dated July 30, 1998, ruled that the relators were not forced heirs of the decedent, Earl Albert Toncrey.
On August 26, 1998, the relators file a "Notice of Intention to Apply for Supervisory Writ of Certiorari and/or review and/or Motion for Appeal." On that day the trial court signed an annexed order designating the judgment as a final judgment "pursuant to LSA-C.C.P. Article 1915 B(1) after an express determination that there is no just reason for delaying an appeal of same and in accordance with the express stipulation of the parties." Emphasis added. Although there is some question about whether a mere statement that "there is no just reason for delay" is alone sufficient to satisfy the requirements of 1915 B(1), it seems clear that the agreement of the parties is sufficient. A partial summary judgment may be a final appealable judgment under the under 1915 B(1) the parties specifically agree to it, "or unless designated as a final judgment by the court after an express determination that there is no just reason for delay." As the disjunctive "or" is used to separate the agreement of the parties from the determination of the court we conclude that a determination by the court is not called for when the *60 parties agree to finality. If the trial court must make the determination that there is no just reason for delay in connection with a judgment agreed to as final by the parties, it really means that the trial court determines finality in all cases and the language concerning the agreement of the parties becomes meaningless. Such a reading runs counter to the normal rules of statutory construction which requires us to give effect to all language where possible. Article 1915 B gives the parties the prerogative of determining finality and, concomitantly, appealability by agreement. The Editor's Note to Article 1915 in 1998 edition of the Code of Civil Procedure implies as much:
The 1997 amendment invokes Federal rule of Civil Procedure 54b as to partial judgments by providing that they are not appealable final judgments unless all parties agree to that or the court expressly so designates them. The agreement or designation would be a prerequisite to immediate appeal, which is the procedure that prevailed under the Code of Procedure previously. [Emphasis added.]
Banks v. State Farm Insurance Company, 30,868 (La.App. 2 Cir. 3/5/98); 708 So.2d 523, reaches a contrary conclusion. Banks dealt with a partial summary judgment that involved the issue of liability alone. The parties agreed that the partial judgment was a final judgment in accordance with new LSA-C.C.P. art. 1915 B(1). The Banks court ruled that the partial judgment was not immediately appealable pursuant to the following reasoning:
The partial summary judgment in this case falls within the scope of the provisions of Article 1915(A) which enumerate those partial final judgments permitted by our Code of Civil Procedure. However, while such partial judgments were immediately appealable under Article 1915 prior to its 1977 amendment, such no longer is the case. The 1997 amendments plainly were patterned after the provisions of Rule 54 of the Federal Rules of Civil Procedure. [Emphasis added.] Under Rule 54(b) a court may direct the entry of a final judgment as to one or more, but fewer than all of the claims or parties "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."
....
The amended provisions of Article 1915(B) make manifest the legislative intent that Louisiana courts follow a certification procedure.
* * * * * *
In light of the 1997 amendments to La. C.C.P. art. 966 that appear to have greatly expanded the scope of summary judgments, and the fact that such summary judgments are specifically included on the list in Article 1915(A), our current protection against intolerable piecemeal appeals is the "determination and designation" or certification requirement in Article 1915(B). Furthermore, while Rule 54(b) does not contain a list of partial judgments, that rule is interpreted to reserve judgments thereunder "for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressuring needs of the litigants for an early and separate judgment as to some claims or parties".... Federal courts also hold that certification should not be granted as a courtesy or accommodation to counsel....
[W]e conclude that our legislature did not intend for the parties, by agreement, to be able to create a final judgment for the purpose of an immediate appeal, despite language in Article 1915(B)(1) that allows parties to specifically agree for a judgment to constitute a "final judgment." Our conclusion is supported by the language of Article 1915(B) that contrasts the term "final judgment" in 1915(B)(1) with the term "final judgment for purpose of an immediate appeal" in 1915(B)(2). Under the provisions of Article 1915(B)(2), the latter term applies only after "a determination and designation" (certification) by the trial court, and not after specific agreement of the parties. [Emphasis added.]
Id., 708 So.2d at 524-525.
The Banks court acknowledged that the new law greatly expanded the scope of summary *61 judgments. The law should be read in a way that tends to effectuate the effectiveness of the summary judgment procedure. Expanding the class of partial judgments considered to be final is consistent with that purpose and the language of the law.
The extremely fine and subtle distinction that the Banks court attempts to draw between the reference to "final judgment" in 1915 B(1) and "final judgment for purposes of an immediate appeal" in 1915 B(2) cannot be reconciled with its broad brush treatment of Federal Rule 54(b). The Banks court makes the quantum leap from the statement that, "The 1997 amendments plainly were patterned after the provisions of Rule 54" to the conclusion, in effect, that Louisiana had adopted Rule 54 in spite of glaring differences in language. Of greatest significance is the fact that Rule 54 has no procedure for the designation of a judgment as final by the consent of the parties, but LSA-C.C.P. art. 1915 does. The Banks court effectively reads the Louisiana provision out of the law, treating the glaring differences in language between the federal and state statutes as inconsequential, while treating the relatively insignificant differences in language between 1915 B(1) and (2) as monumental. Although we share the concern of our brothers of the Banks court for what appears to have a great potential for mischief in the managing of appellate dockets, the legislature acted within its authority when it expanded the class of final appealable partial judgments in Article 1915 B. We anticipate that the adverse interests of opposing parties will act as a check to rampant consensual designation. Where an immediate appeal is in the interest of both parties it probably should be granted, but where it is in the interest of only one party or advanced solely for the purpose of delay or harassment, then the other party will simply not agree to it.
The effect of the Banks decision is to create a class of final unappealable judgments. But in doing so, Banks fails to explain why the legislature would go to such pains to create a meaningless class of judgments. Accordingly, we are not persuaded to follow Banks.
For the foregoing reasons, we find that the judgment of July 30, 1998, is a final appealable judgment. This writ application shall be considered as an appeal. The case is remanded to the trial court for implementation of Code of Civil Procedure Articles 2125 et. seq. relative to the return day, the preparation of the record, and the payment of costs.
REMANDED.