894 So.2d 1113 (2005)
R.J. MESSINGER, INC.
v.
Carl D. ROSENBLUM and Kathryn L. Knauss-Rosenblum.
No. 2004-OC-1664.
Supreme Court of Louisiana.
March 2, 2005.
*1114 Jack Edward Morris, for Applicant.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P., Robin Daniel McGuire, Lafayette, for Respondent.
KNOLL, Justice.
This writ concerns an issue of civil procedure pertaining to the certification of partial judgments on appeal. At issue is La.Code Civ. Pro. art.1915 which provides, inter alia, when a court renders a partial judgment or partial summary judgment or sustains an exception in part as to one or more but less than all of the claims, demands, issues or theories, the court may designate the judgment a final judgment after an express determination that there is no just reason for delay. There is a split in the circuit courts of appeal as to whether the appellate court has jurisdiction when the trial court designates a partial judgment as a final judgment with an express determination there is no just reason for delay, but does not give explicit reasons on the record as to why there is no just reason for delay. In the majority of the circuits, if the trial court fails to give explicit reasons for its determination, the court of appeal reviews de novo whether the certification was proper. The Fourth Circuit Court of Appeal, however, dismisses the appeal when the trial court fails to give explicit reasons for the certification. We granted the plaintiff's application to resolve this issue and the split among the *1115 circuits.[1] After careful review of the issue, we conclude the appellate courts should review de novo certified judgments when the trial court fails to give explicit reasons on the record for its determination.

FACTS AND PROCEDURAL HISTORY
Carl and Kathryn Rosenblum entered into a contract with R.J. Messinger, Inc. ("Messinger") for the construction of a house. It was specified in the contract that Orkin would be used as the licensed applicator to provide chemical spray beneath the slab for termite control. While the house was under construction, the Rosenblums learned that Messinger used another exterminator to provide termite control.
Subsequent to this discovery, the parties entered into a "Guarantee" dated September 24, 1994. The Guarantee states, in pertinent part:
... in consideration of the release of any claims Rosenblum may have resulting from Messinger's failure to utilize the services of Orkin as required by the Project Specifications, Messinger has and does hereby warrant, guarantee and agree that in the event any termite damage is found to exist in the Residence during the life of the Residence, Messinger will repair and replace any said damage.
Messinger further agrees to indemnify Rosenblum for any costs or inconvenience resulting from the existence of any such damage, including, without limitation, the loss of the use of the Residence due to the termite damage or the repair thereof.
In May 2002, the Rosenblums discovered what they allege to be active termite damage in the house. Pursuant to the Guarantee, by a letter dated May 30, 2002, they gave Messinger written notice to repair the termite damage. On June 21, 2002, Messinger filed a Petition for Declaratory Judgment seeking to have the Guarantee declared invalid and unenforceable. On August 26, 2002, the Rosenblums filed a Petition for Breach of Guarantee against Messinger. On October 29, 2002, the Rosenblums filed their answer to Messinger's petition, along with affirmative defenses, exceptions and a reconventional demand. The reconventional demand essentially sought the same relief prayed for in their petition for breach. On February 4, 2003, the trial court consolidated the two matters.
The Rosenblums filed a Motion for Partial Summary Judgment seeking dismissal of Messinger's petition and special damages, with the amount of general damages to be reserved for trial. Messinger filed a Cross-Motion for Summary Judgment seeking to have the Guarantee declared invalid and unenforceable and dismissal of the Rosenblums' claim for damages. After a hearing, the trial court rendered a partial summary judgment in favor of the Rosenblums, (i) dismissing with prejudice all claims of Messinger in its petition for declaratory judgment; (ii) finding the Guarantee valid and enforceable; (iii) finding Messinger liable to the Rosenblums under the Guarantee for the termite damage discovered in May 2002; and (iv) reserving for trial the determination as to the amount of damages and other obligations owed by Messinger to the Rosenblums under the Guarantee resulting from such termite damage. The judgment further ordered "there is no just reason for delay and that this Partial Summary Judgment be and hereby is designated a final judgment pursuant to Louisiana *1116 Code of Civil Procedure Article 1915(B)(1)."
Messinger then appealed the partial summary judgment to the court of appeal. The appellate court dismissed the appeal without prejudice because in interpreting article 1915, it "requires that for there to be a valid certification of a partial summary judgment as final, the trial court must give explicit reasons on the record as to why there is no just reason for delay; mere conclusory statements do not suffice." R.J. Messinger, Inc. v. Rosenblum, 03-2209, p. 3 (La.App. 4 Cir. 6/2/04), 876 So.2d 898, 900, citing inter alia, Jackson v. America's Favorite Chicken Co., 98-0605 (La.App. 4 Cir. 2/3/99), 729 So.2d 1060; Nalty v. D.H. Holmes Co., Ltd., 99-2826 (La.App. 4 Cir. 12/27/00), 775 So.2d 695, 697.

DISCUSSION
Prior to the passage of Act 483 of 1997, La.Code Civ. Pro. art.1915 set forth an exclusive list of immediately appealable partial final judgments.[2] The legislature's enactment of Acts 1997, No. 483, largely abandoned this uniform but inflexible approach in favor of one closely paralleling Federal Rule of Civil Procedure 54(b). Mark Tatum and William Norris, III, Summary Judgment and Partial Summary Judgment in Louisiana: The State We're In, 59 LA. L. REV. 131, 153 (1998). The revision to article 1915 provided that grants of partial judgments or partial summary judgments as to one or more but less than all of the claims, demands, issues or theories, do not constitute final judgments for purposes of an immediate appeal unless the trial judge designates the judgment as a final judgment after an express determination that there is no just reason for delay.[3] It is now our task in this writ to determine whether such express determination requires the trial court to give specific reasons for designating a partial judgment as final, and resolve the conflict in the circuit courts on this limited procedural issue.
Messinger argues the court of appeal erred in grafting onto La.Code Civ. Pro. art. 1915 B the additional requirement of "explicit reasons on the record as to why there is no reason for delay" and in failing to review the correctness of the *1117 trial court's certification of the judgment as final for immediate appeal as is done in every other Louisiana circuit court of appeal. The Rosenblums are in agreement with Messinger on this limited procedural issue. They submit the merits of Messinger's appeal should have been addressed. The Rosenblums aver that in advance of a trial on quantum, it makes logical sense and is in the interest of judicial economy to establish the validity of the Guarantee.
Louisiana Code of Civil Procedure article 1915 provides, in pertinent part:
B. (1) When a court renders a partial judgment or a partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination by the court that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal....
The limited and narrow issue before us is what constitutes an express determination by the court. Our appellate courts have struggled with this issue since the 1997 revision. One of the first decisions to address revised article 1915 was Banks v. State Farm Ins. Co., 30,868 (La.App. 2 Cir. 3/5/98), 708 So.2d 523. In that case the trial court granted a partial summary judgment on the issue of liability alone in favor of the plaintiff and rejected all claims of comparative negligence pled by the defendants. The attorneys for both sides agreed the partial judgment was a final judgment in accordance with La.Code Civ. Pro. art. 1915 B(1).[4] The order of appeal signed by the district court did not contain an express determination that there was no just reason for delay of an immediate appeal. The court of appeal determined the legislature did not intend for the parties to have ability to create a final judgment for the purpose of an immediate appeal because under the provisions of article 1915 B(2), a judgment is final only after "a determination and designation" (certification) by the trial court, and not after specific agreement by the parties. Banks, 30,868 at p. 3, 708 So.2d at 525. That court held trial courts should give written reasons for certification to facilitate appellate review. Id. at p. 4, 708 So.2d at 525.
Shortly after the Banks decision, the Fifth Circuit addressed the issue of a partial summary judgment certified as a final judgment where the trial judge gave no reasons to support this designation. Berman v. DeChazal, 98-91 (La.App. 5 Cir. 5/27/98), 717 So.2d 658. That court adopted the factors cited in Banks that had been applied in the federal courts to determine when partial judgments should be certified as immediately appealable,[5] *1118 but did not follow Banks's holding that written reasons by the trial court were a requisite for appellate jurisdiction. Instead that court looked to federal jurisprudence where it is established that a district court's decision to certify a judgment as appealable, when supported by reasons, is reviewable under the abuse of discretion standard, Berman, 98-81 at p. 4, 717 So.2d at 660, citing Curtiss-Wright Corp., 446 U.S. at 10, 100 S.Ct. 1460, and has been held that when no reasons are given by the trial court judge, the appellate court reviews the certification de novo. Berman, 98-81 at p. 4, 717 So.2d at 660, citing Consolidated Rail Corp. v. Fore River Ry. Co., 861 F.2d 322 (1st Cir.1988). The court held the proper standard of review of certified judgments, when accompanied by reasons, is whether the trial judge abused his discretion, but when no reasons are given the appellate court should review the propriety of the certification de novo considering the Allis-Chalmers criteria. Berman, 98-81 at 5, 717 So.2d at 661.
Then followed three en banc appellate opinions, with the result that the First and Second circuits adopted the policy of de novo review of certified final judgments unaccompanied by reasons from the trial court, and the Fourth Circuit requiring the trial court to give explicit reasons on the record in order for the certification to be valid.[6] Sitting en banc in Jackson v. America's Favorite Chicken Co., 98-0605 (La.App. 4 Cir. 2/3/99), 729 So.2d 1060, the court found "the legislature intended to require that some reason be expressed for the determination that there is no just reason for delay, because Article 1915(B)(1) provides that the designation must be pursuant to 'an express determination[,]' and clearly contemplates that more than a conclusory statement will be given as a justification for finality." Id. 98-0605 at p. 9, 729 So.2d at 1065, citing Montgomery v. Gosserand, 98-1966 (La.App. 4 Cir. 12/23/98), 725 So.2d 92, (emphasis in Jackson). The court held "a clear and concise statement of why there is no just reason for delay" is required and that without such express reasons, it would decline to certify the judgment at the appellate level, nor would it convert the appeal into a supervisory writ, but would dismiss the appeal without prejudice. Id. 98-0605 at p. 11-12, 729 So.2d at 1066-67.
*1119 The Second Circuit, sitting en banc, acknowledging it stated in Banks a trial court should give reasons for the certification, concluded that the better policy when written reasons are not given is to review the certification de novo. Succession of Grimmett, 31,975, p. 7 (La.App. 2 Cir. 3/5/99), 738 So.2d 27, 32. That court expressly rejected the Fourth Circuit's decision to dismiss the appeal. More recently the First Circuit, sitting en banc, held when the trial court designates a partial judgment as final and the reasons are neither apparent nor provided, the appellate court will conduct a de novo review. Motorola, Inc. v. Associated Indem. Corp., 02-1351, p. 16 (La.App. 1 Cir. 10/22/03), 867 So.2d 723, 732. The court reached this holding after reviewing the Louisiana appellate courts' approaches to this issue, the federal circuits' practices, commentators' advice to amend article 1915 B, and the legislature's response. We find the First Circuit's approach helpful and we shall also review these areas in order to determine whether the appellate court should consider the appeal if a trial court fails to give explicit reasons for designating a judgment as final pursuant to article 1915 B.
Under the general rules of statutory construction when ambiguity exists, courts begin their review with the premise that legislation is the solemn expression of legislative will and, therefore, the interpretation of a law is primarily the search for the legislature's intent. See La. Civ.Code art. 2; Anthony Crane Rental, L.P. v. Fruge, 03-0115, p. 4 (La.10/21/03), 859 So.2d 631, 634; Smith v. Southern Holding, Inc., 02-1071, p. 7 (La.1/28/03), 839 So.2d 5, 10. "When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law." La. Civ.Code art. 10; See SWAT 24 Shreveport Bossier, Inc. v. Bond, XXXX-XXXX, p. 11 (La.6/29/01), 808 So.2d 294, 302. It is evident from the split in the circuits the codal language of "an express determination that there is no just reason for delay" is susceptible of more than one meaning. Therefore we must apply and interpret it in a manner that is logical and consistent with the legislature's presumed fair purpose and intention in enacting it. We therefore begin with an examination of the pertinent legislative history.
The 1997 revision to article 1915 effected a very different approach to determining the finality and immediate appealability of partial judgments. Tatum and Norris at 132. The new approach was patterned after Federal Rule of Civil Procedure 54(b) under which the trial court's discretion essentially governs the finality and immediate appealability of partial adjudications. Id. at 132-33. "This procedure allows most actions to proceed swiftly and efficiently after a partial summary judgment, without the vexation of piecemeal appeals, and all of the claims and issues can be presented in one appeal from the judgment disposing of the entirety of the merits of the case." 1 Frank L. Maraist & Harry T. Lemmon, Louisiana Civil Law Treatise  Civil Procedure, § 14.3, p. 363 (1999).
In a law review article discussing the significant changes to our codal provisions on summary judgment and partial judgment by the passage of Act 483 of 1997, the authors suggested the legislature should amend article 1915 B to provide "the judgment shall not constitute a final judgment for the purpose of an immediate appeal until the court signs a certificate stating why an immediate appeal is warranted." Tatum & Norris, at p. 172. The commentators made this suggestion based on their understanding of our historic policies against piecemeal appeals.
*1120 Apparently they believed this would assist the trial judge in his role of employing a careful and conservative approach to certification.
However, as noted by the First Circuit in Motorola, the legislature declined to amend article 1915 B to require written reasons. In 1999, the legislature amended article 1915 B to, inter alia, delete language authorizing the parties to agree that a partial judgment constitutes a final judgment for purposes of an immediate appeal. At the House Committee on Civil Law and Procedure meeting to discuss House Bill No. 780,[7] Professor Howard L'Enfant presented the bill on behalf of its authors.[8] Professor L'Enfant explained the change removing the language "unless specifically agreed to by the parties" from article 1915. Representative McMains, one of the authors of House Bill 780, explained that where courts rendered partial summary judgments dismissing an issue or cause of action, in order to constitute final judgments, the court has to certify it as a final judgment. In response to questions from Representative Wilkerson, who was concerned that the designation be made in a written judgment, Professor L'Enfant stated the courts of appeal had taken very seriously the language in article 1915 B(1). He further stated the appellate courts were prepared to dismiss the appeals as inappropriate if they were without reasons from the trial court stating why an appealable partial judgment should exist. Professor L'Enfant's statement was correct in 1999 insofar as the Fourth Circuit was concerned,[9] but this was not the practice in the First,[10] Second or Fifth circuits. Nonetheless, the legislature declined to amend article 1915 B to require written reasons.[11]
As we noted earlier in this opinion, the 1997 amendments plainly were patterned after Federal Rule of Civil Procedure 54(b). Banks, 30,868 at p. 1, 708 So.2d at 524; Tatum & Norris at p. 153. When interpreting an article essentially based upon a federal rule, we have found federal courts' interpretations of the federal rule persuasive, although not controlling, and they can be used for guidance. Scott v. Hospital Serv. Dist. No. 1 of St. Charles Parish, 496 So.2d 270, 273 (La.1986); Parish Nat'l Bank v. Lane, 397 So.2d 1282, 1285 (La.1981). Federal Rule of Civil Procedure 54(b) provides, in pertinent part, that when "more than one claim for relief is presented in an action, ... or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for *1121 the entry of judgment...." (Emphasis ours.) The precise meaning of express determination has been litigated often in the federal appellate courts, and we have examined some federal appellate opinions for guidance in this area.
When a district court exercises its discretion under Rule 54(b), the better practice is for the court to articulate the considerations underlying the exercise of that discretion. Bank of Lincolnwood v. Federal Leasing, Inc., 622 F.2d 944, 948 (7th Cir.1980). However, where the district court fails to provide an explanation but the propriety of the appeal under 54(b) is apparent to the reviewing court on the record, the prevailing rule is perhaps best expressed as follows:
[Articulation of the considerations underlying the district court's discretionary certification] constitutes the "better practice," and the failure to provide a written statement of reasons may in an appropriate case lead to a remand for such a statement. The statement is, however, primarily an aid to the appellate court to permit it to review the exercise of the trial court's discretion. The failure of the district court to make a written statement at the time it makes a 54(b) certification is not a jurisdictional defect ... and need not occasion even a remand if the basis for the district court's determination is otherwise apparent.

Carter v. City of Philadelphia, 181 F.3d 339, 344 (3d Cir.1999), quoting Bank of Lincolnwood, 622 F.2d at 948-49.
The prevailing view in the federal circuits does not require remand of a certified judgment where the district court fails to articulate its reasons for its determination of no just reason for delay.[12] Those courts find they have appellate jurisdiction of the appeal, at least where the reasons are apparent from the record. United States v. Ettrick Wood Products, Inc., 916 F.2d 1211, 1218 (7th Cir.1990).
*1122 Historically, we have a policy against multiple appeals and piecemeal litigation. We also ensure that our courts operate under principles of sound judicial administration to promote judicial efficiency and economy. The United States Supreme Court, discussing determination of whether there is no just reason for delay under Fed. R. Civ. Pro. 54, declared a district court must take into account judicial administrative interests as well as the equities involved. Curtiss-Wright, 446 U.S. at 8, 100 S.Ct. at 1465. Consideration of judicial administrative interests is necessary to assure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals." Id. citing Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438, 76 S.Ct. 895, 901, 100 L.Ed. 1297 (1956). Article 1915, like Rule 54, attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties. Therefore we find a rule requiring remand or dismissal when the trial court fails to give explicit reasons for its determination, even when the propriety of immediate appeal is apparent, would not optimally balance the competing concerns that should inform the court's interpretation of article 1915.
In order to assist the appellate court in its review of designated final judgments, the trial court should give explicit reasons, either oral or written, for its determination that there is no just reason for delay. However, if the trial court fails to do so, we find the appellate court cannot summarily dismiss the appeal. For purposes of judicial efficiency and economy, we approve the approach taken by the First, Third and Fifth circuits, and hold the proper standard of review for an order designating a judgment as final for appeal purposes when accompanied by explicit reasons is whether the trial court abused its discretion. If no reasons are given but some justification is apparent from the record, the appellate court should make a de novo determination of whether the certification was proper. Of course, if after examination of the record the propriety of the certification is not apparent, the court of appeal may request a per curiam from the trial judge. Alternatively, the court of appeal could issue a rule to show cause to the parties requiring them to show why the appeal should not be dismissed for failure to comply with La.Code Civ. P. art.1915, when the propriety of the certification is not apparent and the trial court has failed to give reasons for its certification. The following list of factors, although not exclusive,[13] may be used by trial judges when considering whether a partial judgment should be certified as appealable:
1) The relationship between the adjudicated and unadjudicated claims;
2) The possibility that the need for review might or might not be mooted by future developments in the trial court;
3) The possibility that the reviewing court might be obliged to consider the same issue a second time; and
4) Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Allis-Chalmers, 521 F.2d at 364.
However, the overriding inquiry for the trial court is whether there is no just *1123 reason for delay. Courts of appeal, when conducting de novo review in matters where the trial court fails to give explicit reasons for the certification, can consider these same criteria.
Our interpretation of article 1915, which holds the certified final judgment is properly before the appellate court even when the trial court fails to give explicit reasons for its determination, is in accordance with La.Code Civ. Pro. art. 5051 which provides "[t]he articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement substantive law and are not an end in themselves."

DECREE
For the above and foregoing reasons, the judgment of the court of appeal dismissing relators' appeal is vacated and set aside. This matter is remanded to the court of appeal for further proceedings consistent with the views expressed herein.
VACATED AND REMANDED.
JOHNSON, J., concurs.
NOTES
[1] R.J. Messinger, Inc. v. Rosenblum, 04-1664 (La.10/15/04), 883 So.2d 1060.
[2] Prior to its revision in 1997, La.Code of Civ. Pro. art.1915 provided:

A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968 and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, except a summary judgment rendered pursuant to Article 966(D).
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1083.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
B. If an appeal is taken from such a judgment, the trial court nevertheless shall retain jurisdiction to adjudicate the remaining issues in the case.
La.Code Civ. Pro. art. 1915 (West 1996).
[3] Acts 1997, No. 483 also amended article 1915 to provide these partial judgments could constitute final judgments if the parties specifically agreed that the judgment is a final judgment. The legislature amended article 1915 by Acts 1999, No. 1663 and deleted from the article the authority for the parties to agree that a partial final judgment will constitute a final judgment under the article.
[4] As we noted supra, article 1915 has been amended to remove the provision authorizing parties to agree that a partial judgment will constitute a final judgment.
[5] The Banks court adopted five factors it believed trial courts should be guided by in considering whether a partial judgment should be certified as immediately appealable, as follows:

(1) The relationship between the adjudicated and unadjudicated claims;
(2) The possibility that the need for review might or might not be mooted by future developments in the district court;
(3) The possibility that the reviewing court might be obliged to consider the same issue a second time;
(4) The presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; and
(5) Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.
Banks, 30,868 at p. 4, 708 So.2d at 525, citing Allis-Chalmers Corp. v. Philadelphia Elec. Co., 521 F.2d 360, 364 (3d Cir.1975).
Although we will discuss infra guidelines courts should utilize in determining whether a partial judgment should be certified as immediately appealable, we note here that the fourth Allis-Chalmers factor, pertaining to the significance of counterclaims, was rejected by the United States Supreme Court in Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 9, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1 (1980).
[6] Following the en banc decisions of the Second and Fourth Circuits, a Third Circuit panel examined this issue. In Flatland Real Estate Co. v. Dugas Constr., Inc., 00-1794, p. 3-4 (La.App. 3 Cir. 5/9/01), 784 So.2d 867, 870, the court held that for purposes of judicial efficiency and economy, the proper standard of review for an order certifying a judgment for appeal accompanied by reasons, is whether the trial judge abused his discretion. When no reasons are given the proper method of review is de novo determination of whether the certification was proper pursuant to the criteria enumerated in Allis-Chalmers. Id.
[7] House Bill No. 780 was subsequently enrolled as Acts 1999, No. 1263.
[8] Meeting of House Committee on Civil Law and Procedure, 1999 Regular Session, April 20, 1999.
[9] The court in Motorola states that Professor L'Enfant's statement was also correct at that time concerning the Second Circuit. We note, however, the Second Circuit en banc handed down Grimmett on March 5, 1999, wherein that court held it would review designated final judgments de novo where the trial court fails to give reasons. Therefore, at the time Professor L'Enfant testified before the House committee, only the Fourth Circuit would automatically dismiss an appeal of a designated final judgment if the trial court failed to give explicit reasons.
[10] From 1999 through 2001, the First Circuit did not address the issue of written reasons. If the reasons were apparent, that court merely noted that the trial court had designated the judgment as final. Motorola, 02-1351 at p. 12, 867 So.2d at 730.
[11] The legislature also amended article 1915 in 2001.
[12] See also, e.g., Feinstein v. Resolution Trust Corp., 942 F.2d 34 (1st Cir.1991)(holding that appellate jurisdiction attached notwithstanding district court's failure to state reasons for certification where justification was apparent and sufficient); Pension Ben. Guar. Corp. v. LTV Corp., 875 F.2d 1008 (2d Cir.1989) (holding court of appeals had jurisdiction although district court did not provide reasoned explanation for certification where it was clear explanation could easily be provided and interest of sound judicial administration favored expeditious resolution of conflict) rev'd on other grounds 496 U.S. 633, 110 S.Ct. 2668, 110 L.Ed.2d 579 (1990); Fox v. Baltimore City Police Dep't., 201 F.3d 526 (4th Cir.2000) (although explanation from the district court undoubtedly would have been helpful, the court did not abuse its discretion in certifying its judgment as final under Rule 54(b)); Kelly v. Lee's Old Fashioned Hamburgers, Inc., 908 F.2d 1218 (5th Cir.1990)(en banc) (if the language in the order, either independently or together with the record, reflects the district court's unmistakable intent to enter a partial final judgment, Rule 54(b)'s requirements were satisfied); Fuller v. M.G. Jewelry, 950 F.2d 1437 (9th Cir.1991) (holding 54(b) certification did not have "jurisdictional defect" merely because district court did not include specific findings regarding appropriateness of certification); Old Republic Ins. Co. v. Durango Air Serv., 283 F.3d 1222, 1225 n. 5 (10th Cir.2002) (giving clearly articulated reasons was the most desirable practice but even without reasons, court reviewed the record and determined judgment was final); Ebrahimi v. City of Huntsville Bd. of Ed., 114 F.3d 162, 166 (11th Cir.1997) (where reasons for entry of separate judgment for fewer than all parties or claims are obvious, and remand would only result in unnecessary delay in appeal process, the court of appeals will not require explanation). But see Daleure v. Kentucky, 269 F.3d 540, 543 (6th Cir.2001) (court was bound to dismiss the appeal by its decision in General Acquisition v. GenCorp, Inc., 23 F.3d 1022 (6th Cir.1994) which defined "multiple claims" as well as its emphasis that a district court must clearly explain why it has concluded immediate review is desired).
[13] We agree with the United States Supreme Court and are reluctant either to fix or sanction narrow guidelines for the lower courts to follow because the discretion "is, with good reason, vested" in the trial courts and because the number of possible situations is great. Curtiss-Wright, 446 U.S. at 10-11, 100 S.Ct. at 1466.