LOUISIANA STATE UNIVERSITY SYSTEM RESEARCH AND TECHNOLOGY FOUNDATION AND LAETC MANAGEMENT COMPANY, L.L.C.
v.
QYNTESSA BIOLOGICS, L.L.C.
No. 2009 CA 1479.
Court of Appeals of Louisiana, First Circuit.
April 15, 2010.
LEE C. KANTROW, W. SCOTT KEATY, Baton Rouge, Louisiana, Attorneys for Plaintiffs/Appellees, Louisiana State University System, Research and Technology Foundation, and LAETC Management Company, L.L.C.
JOHN L. DUGAS, PATRICK H. MARTIN, V, PAUL RAYMOND LAMONICA, Baton Rouge, Louisiana, Attorneys for Defendant/Appellees, Board of Supervisors of Louisiana, State University Agricultural and, Mechanical College, including the, Louisiana State University System, and its Office of Internal Audit, P. Raymond Lamonica, Dr. Carolyn, Hargrove and Carla Fishman.
JOHN DALE POWERS, STEVEN H. WATTERSON, Baton Rouge, Louisiana, Attorneys for Defendant/Appellant, Qyntessa Biologies, L.L.C.
BEFORE: PARRO, KUHN, AND McDONALD, JJ.
McDONALD, J.
The appeal before us concerns a single legal question in a complex and multi-faceted case. At issue is the right of the Louisiana State University System Research and Technology Foundation and its management company, LAETC Management Company, L.L.C. (both hereinafter referred to as the singular, the Foundation), to conduct an audit of an entity, Qyntessa Biologies, L.L.C, with which the Foundation had a consulting services agreement.
The legal issue before us is resolved by an examination of the consulting services agreement between the parties, specifically, paragraph XTV, Audits and Auditors, which reads:
It is hereby agreed that the LAETC auditor shall have the option of auditing all records and accounts of the Contractor that relate to this Agreement, as well as all contracts with outside consultants and service providers relative to the performance of services under this Agreement.
The term of the fourth contract was from July 1, 2007, through June 30, 2008; it was the third renewal of a consulting services agreement between the parties originally entered into on July 1, 2005.
In November 2008, the Foundation filed a petition for audit and declaratory judgment, seeking a judgment declaring that, according to the terms of the thenexpired contract, the Foundation retained the right to audit Qyntessa's accounts. The suit also sought a judgment from the court ordering the audit and a judgment concerning ownership and copies of documents obtained or prepared in connection with the performance of services contracted for.
Qyntessa filed an answer, asserting, relative to the audit request, that the consulting services agreements were expired, and the petitioner, therefore, had no right to audit. Qyntessa also filed a reconventional demand, and a third-party demand.
In March 2009, the Foundation filed a motion for summary judgment, seeking a ruling by the court that the Foundation was contractually entitled to conduct an audit of the records and accounts of Qyntessa. After a hearing in May 2009, the trial court ruled that the contract expressly authorized the audit that the Foundation was requesting. A judgment declaring the right of the Foundation to conduct the audit was signed May 21, 2009. The judgment was designated as a final judgment, although this issue was not considered at the hearing, and no reasons were given for the designation.
We have reviewed the record de novo for a determination of whether the certification (designation) was proper and agree with the trial court that under the facts, there is no just reason for delay, and we conclude that judicial efficiency favors an expedient resolution of this issue. See R.J. Messinger, Inc. v. Rosenblum, 04-1664 (La. 3/2/05), 894 So.2d 1113.
We have also given careful consideration to Qyntessa's arguments that the Foundation no longer has any right to conduct an audit. However, we do not agree. We do not find the terms of the contract regarding the audit ambiguous. The contract provides the right to conduct an audit of "all records and accounts of the Contractor that relate to this Agreement." Although the contract did not specify a time in which the audit must be performed, the "time" would be provided by law. Under Louisiana law, when the term for the performance of an obligation is uncertain, it must be performed in a reasonable time. La. C.C. art. 1778. The facts here establish that the Foundation's audit request was made within a reasonable time.
We do not find that the provisions of the contract regarding the submission and review of invoices have any effect on the right to audit. Clearly, two separate processes were intended here. The process and the time in which one receives and approves requests for payment are of necessity limited. By reviewing and timely paying invoices, the Foundation did not relinquish the right to insure the payments were earned and appropriate.
We do not consider the utilization of public funds material to the legal issue before us, although we do find evidence in the record that Qyntessa received taxpayer dollars. According to paragraph 57 of Qyntessa's answer and third-party demand, money received from the Louisiana Department of Economic Development, a state agency, was passed on to Qyntessa.
After thorough review of the record in this matter, we find no error in the decision of the trial court. Therefore, the judgment appealed is affirmed, and this memorandum opinion is issued in compliance with Uniform Rules of Louisiana Courts of Appeal, Rule 2-16. LB. Costs of this appeal are assessed to Qyntessa Biologies, L.L.C.
AFFIRMED.