STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT


DOCKET NUMBER
2024 CA 0082


TRUFUND FINANCIAL SERVICES, INC.

VERSUS

CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE

Judgment Rendered: _DEC 3 0 2024_

* * * * *

ON APPEAL FROM THE
NINETEENTH JUDICIAL DISTRICT COURT, SECTION 22
IN AND FOR THE PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA
DOCKET NUMBER C645210

HONORABLE BEAU M. HIGGINBOTHAM, JUDGE PRESIDING

* * * * *

A. Gregory Rome
Parish Attorney
Jeffrey G. Rice
Special Assistant Parish Attorney
Baton Rouge, Louisiana

Attorneys for Defendant-Appellant
City of Baton Rouge/Parish of
East Baton Rouge


James C. Percy
F. Gibbons Addison
Henry Rauschenberger
Eric P. Morvant
Baton Rouge, Louisiana

Attorneys for Plaintiff-Appellee
Trufund Financial Services, Inc.

**BEFORE: THERIOT, WOLFE, HESTER,
MILLER, and GREENE, JJ.**

wolfe, J. dissents without reasons

**GREENE, J.**

The City of Baton Rouge-Parish of East Baton Rouge (City-Parish) appeals a partial summary judgment dismissing its reconventional demands for breach of contract and unjust enrichment against Trufund Financial Services, Inc. (Trufund). After the appeal was lodged, Trufund filed a motion to dismiss the appeal. Later, Trufund withdrew its motion to dismiss the appeal. After review, we reverse the partial summary judgment.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Following Hurricane Gustav in 2008, the City-Parish received federal funds from a U.S. Department of Housing and Urban Development (HUD) grant issued to the State of Louisiana Office of Community Development - Disaster Recovery Unit (the State). In November 2011, the City-Parish contracted with Seedco Financial Services, Inc., now Trufund, whereby Trufund would use a portion of the federal funds to administer a program providing affordable business loans and technical assistance to small businesses impacted by Hurricane Gustav and to certain newly established businesses in designated recovery districts (the Small Business Loan Program).

Under the terms of the contract between the City-Parish and Trufund (the Contract), the City-Parish agreed to reimburse Trufund for eligible expenses of the Small Business Loan Program up to a maximum of $2.6 million, which reimbursements were conditioned upon the City-Parish's actual receipt of the HUD grant funds from the State. The Contract required that Trufund adhere to detailed administrative requirements regarding financial management, documentation, record keeping, performance reporting, and payment procedures. The Contract also provided that the City-Parish would monitor Trufund's performance against national objectives and levels of accomplishment set forth in the Contract. If the City-Parish had probable cause to believe Trufund was not complying with applicable rules or regulations, the Contract authorized the City-Parish to withhold contract funds until the non-compliance was

---

[1] These facts are taken in part from a prior appeal. *See Trufund Financial Services, Inc. v. City of Baton Rouge/Parish of East Baton Rouge*, 2020-0800 (La. App. 1 Cir. 4/6/21), 2021 WL 1609238.

corrected. The Contract also included an indemnification clause obligating Trufund to indemnify the City-Parish against any third-party claims arising out of the services performed under the Contract.

From 2012 through 2015, Trufund issued small business loans and incurred expenses of approximately $1.72 million in administering the Small Business Loan Program. Trufund submitted multiple reimbursement requests to the City-Parish, and the City-Parish reimbursed two of those requests in an amount of $515,450.15, leaving approximately $1.2 million in unreimbursed requests.

In January 2016, Trufund filed suit for breach of contract against the City-Parish to recover the unreimbursed $1.2 million, claiming such was due under the Contract. The City-Parish answered the suit, denying that it owed Trufund outstanding amounts. The City-Parish also filed a reconventional demand against Trufund for $12,420.65, claiming Trufund had breached its contractual obligations by receiving a provisional reimbursement of $12,420.65, and then failing to provide the correct supporting documentation required by the Contract. The City-Parish also claimed Trufund had been unjustly enriched by this same amount of $12,420.65. Trufund answered the reconventional demand, generally denying all allegations.

**Trufund's First Motion for Summary Judgment**

In August 2018, Trufund filed a motion for summary judgment seeking a judgment finding the City-Parish breached the Contract and was liable for the unreimbursed $1.2 million. Trufund also sought dismissal of the City-Parish's $12,420.65 reconventional breach of contract and unjust enrichment demands. The City-Parish opposed the motion. By amended judgment dated February 12, 2020 (which superseded an earlier May 1, 2019 judgment), the trial court denied Trufund's motion on its main demand, granted Trufund's motion on the City-Parish's reconventional breach of contract and unjust enrichment demands, and dismissed those reconventional demands. The City-Parish appealed the adverse judgment.

On review, this Court dismissed the City-Parish's appeal, finding the trial court had improperly certified the February 12, 2020 judgment as an appealable partial final

3

judgment. *Trufund Financial Services, Inc. v. City of Baton Rouge/Parish of East Baton Rouge*, 2020-0800 (La. App. 1 Cir. 4/26/21), 2021 WL 1609238 *(Trufund I)*. The *Trufund I* Court noted that, while Trufund's first motion for summary judgment was pending, the City-Parish had filed a supplemental reconventional demand stating a breach of contract claim against Trufund for $515,450.15, the amount the City-Parish had already reimbursed to Trufund. *Trufund I*, 2021 WL 1609238 at *2. In the supplemental reconventional demand, the City-Parish alleged Trufund had provisionally received the $515,450.15 and failed to provide requested supporting documentation to show compliance with the terms of the Contract. *Id.* The City-Parish also alleged that, because of Trufund's non-compliance with the Contract, the State was demanding return of the $515,450.15 grant funds.[2] *Id.* The City-Parish alleged that, under the Contract's indemnity clause, it was Trufund that was liable for return of the $515,450.15.

Based on factors set forth in *R.J. Messinger, Inc. v. Rosenblum*, 2004-1664 (La. 3/2/05), 894 So.2d 1113, 1122, the *Trufund I* Court reasoned as follows in dismissing the City-Parish's appeal:

> [W]e find the trial court abused its discretion in certifying the February 12, 2020 judgment as a partial final judgment under La. C.C.P. art. [1915(B)]. Any decision by this court on the single claim at issue on appeal, *i.e.*, the granting of Trufund's motion for summary judgment as to the City-Parish's breach of contract claim against Trufund, would merely result in inefficient piecemeal resolution of only a minor part of the parties' claims. The trial court's certified judgment herein addressed only the narrow issue of the City-Parish's $12,420.65 breach of contract claim against Trufund, because that was the only amount at issue when Trufund filed its motion for summary judgment. Such is the case, because, under La. C.C.P. art. [966(F)], the trial court may render summary judgment only as to those issues set forth in the motion under consideration by the court at that time. A court cannot render summary judgment dismissing a claim that has not been challenged by the pleading. Thus, the February 12, 2020 judgment could not have ruled on the City-Parish's supplemental $515,450.15 breach of contract claim, because Trufund's motion for summary judgment could not challenge a claim that had not yet been asserted.

---

[2] The City-Parish also filed a third party demand against the State, claiming it was an indispensable party to the suit. The State reconvened against the City-Parish, seeking a judgment for the $515,450.15 the City-Parish reimbursed to Trufund; the State alleged that, under a Cooperative Endeavor Agreement that governed disbursement of the HUD grant funds, the City-Parish was responsible for remitting any "disallowed" funds to the State. On July 25, 2023, the trial court signed a judgment dismissing the City-Parish's third party demand against the State. On November 13, 2023, the trial court signed an order dismissing the State's reconventional demand against the City-Parish based on the State's motion acknowledging that the City-Parish had remitted the $515,450.15 to the State.

Hence, even if we were to review the trial court's dismissal of the City-Parish's $12,420.65 breach of contract claim now, such will not resolve the majority of the parties' unadjudicated claims that will have to be tried and will not shorten the time or expense of trial. At the trial, the parties will still have to produce considerable evidence to show how the majority of Trufund's reimbursement requests complied or did not comply with the Contract. The trial court will still have to decide Trufund's $1.2 million breach of contract claim against the City-Parish and at least $503,029.47 of the City-Parish's $515,450.15 breach of contract claim against Trufund (assuming the $515,450.15 claim subsumes the $12,420.65 claim). Thus, viewing the entire scope of the case, appellate review of the City-Parish's narrow $12,420.65 breach of contract claim at this point would be of little value. Under a *Messinger* analysis, we find that allowing an immediate appeal of this partial judgment would only encourage multiple appeals and piecemeal litigation, causing delay and judicial inefficiency. [Internal citations omitted.]

*Trufund I*, 2021 WL 1609238 at *4.

## Trufund's Second Motion for Summary Judgment

After the *Trufund I* dismissal of the City-Parish's appeal from the February 12, 2020 judgment, the case proceeded in the trial court, where, on March 24, 2023, Trufund filed a second motion for partial summary judgment, seeking dismissal of the City-Parish's reconventional demand "to the extent that said claim [was] premised on a theory of breach of contract or unjust enrichment[.]" By that time, the case was before a different trial court judge, and the City-Parish had twice supplemented its reconventional demand to assert the $515,450.15 breach of contract claim as well as its indemnity claim.[3]

In support of its second motion for summary judgment, Trufund argued that, because the trial court's February 12, 2020 judgment[4] dismissed the City-Parish's original reconventional breach of contract and unjust enrichment claims with prejudice, the City-Parish was barred from reasserting breach of contract and unjust enrichment

---

[3] Trufund filed exceptions to the City-Parish's first supplemental reconventional demand. After a hearing, the trial court signed a judgment granting Trufund's exception of vagueness and ordering the City-Parish to amend its reconventional demand accordingly. The City-Parish thereafter filed a second supplemental reconventional demand more specifically pleading its reconventional indemnity claim against Trufund. The first and second supplemental reconventional demands make no new allegations regarding unjust enrichment.

[4] In its motion, Trufund referenced the May 1, 2019 judgment, which was superseded by the February 12, 2020 amended judgment.

claims in its supplemental reconventional demands, regardless of the amount sought. Trufund did not reference this Court's *Trufund I* decision.

The City-Parish opposed Trufund's second motion for summary judgment. After a hearing, the trial court signed a judgment on October 27, 2023, granting Trufund's second motion for summary judgment and "dismissing with prejudice the City/Parish's claim-in-reconvention against Trufund, insofar as said claim is premised on a theory of breach of contract or unjust enrichment." The trial court designated the judgment as a partial final judgment subject to immediate appeal, but made no express determination that there was no just reason for delay as required by La. C.C.P. art. 1915(B)(1).[5] The City-Parish appealed the adverse judgment.

## DISCUSSION

### Trufund's Motion to Dismiss the Appeal

After the appeal was lodged, Trufund filed a motion to dismiss the appeal, claiming the trial court improperly certified the October 27, 2023 judgment as an appealable partial final judgment under La. C.C.P. art. 1915(B). The City-Parish did not file a response to the motion to dismiss; however, in its appellate brief, the City-Parish assigns error to the trial court's certification of the judgment as final. Trufund's motion was referred to this panel for decision. On November 14, 2024, Trufund withdrew its motion to dismiss the appeal. However, this Court's jurisdiction is not determined by a trial court's designation of a partial summary judgment as final under La. C.C.P. art. 1915(B). *Trufund I*, 2021 WL 1609238 at *3. A partial summary judgment rendered under La. C.C.P. art. 966(E) may be immediately appealed during ongoing litigation only if the trial court has properly designated it as a final judgment. *See* La. C.C.P. art. 1915(B)(1). When, as here, the trial court gives no reasons for the certification, but some justification is apparent from the record, the appellate court should use the *Messinger* factors to make a *de novo* determination of whether the

---

[5] In certifying a partial judgment as final, a trial court should give explicit reasons on the record as to why there is no just reason for delay; mere conclusory statements do not suffice. *Crown Oilfield Services, Inc. v. Louisiana Oilfield Contractors Association Insurance Fund*, 2013-0394 (La. App. 1 Cir. 2/19/14), 2014 WL 3533482, *3.

certification is proper. *Pontchartrain Natural Gas System v. Texas Brine Company, LLC*, 2022-0594 (La. App. 1 Cir. 12/29/22), 360 So.3d 874, 879, *writ denied*, 2023-00255 (La. 6/7/23), 361 So.3d 983.

Under *Messinger,* the following list of non-exclusive factors are to be considered in determining whether a partial judgment should be certified as final: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the trial court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; and (4) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. *Messinger,* 894 So.2d at 1122. Further, in determining whether a partial judgment is final for purposes of an immediate appeal, a court must always keep in mind the historic policy against piecemeal appeals. *Id.*; *Trufund I*, 2021 WL 1609238 at *3.

Applying the *Messinger* factors to this case, we find there is no just reason to delay review of the trial court's second summary judgment, considering that the case is now in a different procedural posture than when considered by the *Trufund I* Court. That is, the trial court's October 27, 2023 summary judgment dismissed the City-Parish's reconventional demand for $515,450.15, as pled in the original, first, and second supplemental reconventional demands, rather than just the $12,420.65 claim pled in the original reconventional demand. Thus, the second summary judgment disposed of two particular theories of recovery in favor of Trufund – breach of contract and unjust enrichment. *See* La. C.C.P. art. 966(E) and 1915(B)(1). Our determination of whether the trial court properly granted the second summary judgment at this time will clarify the parties' remaining claims going forward, facilitate resolution of the remaining litigation, and foster judicial economy. *See In re Succession of Morgan*, 2015-0335 (La. App. 1 Cir. 2/24/16), 2016 WL 770192, *3. Finding review of the second summary judgment is warranted, we proceed to the merits.

7

## Assignments of Error

On appeal, the City-Parish contends the trial court erred in granting the second summary judgment to Trufund. In three assignments of error, the City-Parish essentially argues: (1) the trial court's first summary judgment dismissing its original reconventional demand does not itself mandate summary judgment dismissing its supplemental reconventional demands; (2) Trufund did not carry its initial burden of proving entitlement to the second summary judgment; and, (3) the trial court erred in denying the City-Parish's objection to Trufund's summary judgment evidence.

## Summary Judgment[6]

A motion for summary judgment is a procedural device used to avoid a full scale trial when there is no genuine issue of material fact. *Country Club of Louisiana Property Owners Association, Inc. v. Baton Rouge Water Works Company*, 2019-1373 (La. App. 1 Cir. 8/17/20), 311 So.3d 395, 398. The party moving for summary judgment has the initial burden of proof. *See* La. C.C.P. art. 966(D)(1). The movant can meet its burden by filing a motion, memorandum, and supporting documentary evidence proving there is no genuine issue of material fact. *See* La. C.C.P. art. 966(A)(3). Nevertheless, if the movant will not bear the burden of proof at trial on the issue that is before the court on the motion, the movant's burden on the motion does not require it to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966(D)(1). Thereafter, the burden shifts to the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the movant is not entitled to judgment as a matter of law. *See* La. C.C.P. art. 966(D)(1). If, however, the movant fails in his initial burden of showing an absence

---

[6] Although the Legislature recently amended La. C.C.P. art. 966, which governs summary judgments, the relevant amendment is not applicable to the instant appeal. *See* 2023 La. Acts No. 317, §1 (eff. Aug. 1, 2023) and 2023 La. Acts No. 368, §1 (eff. Aug. 1, 2023); *Ricketson v. McKenzie*, 2023-0314 (La. App. 1 Cir. 10/4/23), 380 So.3d 1, 4-7 (concluding 2023 La. Acts No. 317, §1 created a substantive amendment and could not be retroactively applied). Accordingly, we will apply the version of La. C.C.P. art. 966 in effect on May 8, 2023, the date of the summary judgment hearing herein.

of factual support for one or more of the elements of the adverse party's claim, the burden never shifts to the adverse party, and the movant is not entitled to summary judgment. *Country Club*, 311 So.3d at 399.

Appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Id.* In this case, the City-Parish would have the burden at trial to prove its breach of contract and unjust enrichment reconventional demands against Trufund. Thus, to prevail on its motion, Trufund, as the movant for summary judgment on these claims, was required to point to an absence of factual support for one or more elements essential to the City-Parish's claims. In support of its motion, Trufund filed a memorandum, the City-Parish's original, first supplemental, and second supplemental demands, the trial court's May 1, 2019 judgment, and a transcript of the March 25, 2019 hearing on Trufund's first motion for summary judgment.

Although Trufund's documentation establishes the scope of the first summary judgment, it does not establish Trufund's entitlement to the second summary judgment. As pointed out by the *Trufund I* Court, 2021 WL 1609238 at *4, "[t]he trial court's certified [first summary] judgment ... addressed only the narrow issue of the City-Parish's $12,420.65 breach of contract claim against Trufund, because that was the only amount at issue when Trufund filed its motion for summary judgment." Upon the *Trufund I* Court's dismissal of the appeal from the first summary judgment, that judgment was not a final judgment and was subject to revision at any time prior to rendition of a proper final judgment. *See* La. C.C.P. art. 1915(B)(2); *Zapata v. Seal*, 2020-01148 (La. 9/30/21), 330 So.3d 175, 178-79. Contrary to Trufund's argument, it cannot claim entitlement to a second summary judgment merely based on the non-final first summary judgment or the fact that the City-Parish failed to oppose the first motion.

Rather, as required by La. C.C.P. art. 966(D)(1), for Trufund to be entitled to summary judgment on its second motion, Trufund had to carry its initial burden of proving entitlement to summary judgment on the City-Parish's reconventional breach

9

of contract and unjust enrichment demands, in an amount of $515,450.15, by pointing out the absence of factual support for one or more elements essential to those claims. None of the documentation Trufund filed with its second motion demonstrates its compliance with the Contract and its entitlement to $515,450.15 in reimbursement claims paid to it by the City-Parish; such evidence was necessary to point to an absence of factual support for the City-Parish's reconventional demands.[7] Thus, because Trufund filed no such evidence, it failed in its initial burden of proof on its second motion, and the burden never shifted to the City-Parish to show a genuine issue of material fact. *See* La. C.C.P. art. 966(D)(1); *Country Club*, 311 So.3d at 399.

Accordingly, on *de novo* review of the second summary judgment, we conclude Trufund is not entitled to summary judgment, and the trial court erred in granting Trufund's motion and dismissing the City-Parish's reconventional demand. We reverse the October 27, 2023 summary judgment.[8]

## CONCLUSION

For the above reasons, we reverse the trial court's October 27, 2023 summary judgment dismissing with prejudice the City-Parish's reconventional demand against Trufund, insofar as said demand is premised on a theory of breach of contract or unjust enrichment. We remand this matter to the trial court for further proceedings consistent with this opinion. We assess costs of the appeal to Trufund Financial Services, Inc.

**JUDGMENT REVERSED; REMANDED.**

---

[7] Notably, in its appellate brief, Trufund cites to the substantial evidence it filed with its first motion for summary judgment, including the affidavit of Myla Poree, the Contract, and a payment activity form; Trufund did not file the same evidence with its second motion for summary judgment.

[8] In reversing the second summary judgment, we find merit in the City-Parish's assignments of error numbers one and two and pretermit discussion of assignment of error number three.