hMOTION TO DISMISS APPEALS GRANTED

Appellee, Cannisnia Plantation, L.L.C., has filed a motion to dismiss the above-captioned consolidated appeals on the basis that the judgment appealed was not properly certified as a final judgment under the provisions of La. C.C.P. art. 1915(B). On November 15, 2006, the trial court signed a judgment granting Cannisnia’s partial motion for summary judgment finding that none of the Governor’s executive orders operated to interrupt, suspend or otherwise toll the running of prescription of nonuse. The judgment was certified as final after an express finding that there was no just reason for delay.
Louisiana Code of Civil Procedure article 1915(B)(1) provides that when a court renders a partial summary judgment as to “one or more but less than all of the claims, demands, issues, or theories” presented in an action, that judgment is not final for the purpose of an immediate appeal “unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.” This provision “attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties.” R.J. Messinger, Inc. v. Rosenblum, 04-1664 (La.3/2/05), 894 So.2d 1113, at 1122.
While it is not required that certification be accompanied by explicit reasons for the determination that there is “no just reason for delay” in order for an appeal to be taken, the absence thereof requires this court to determine de novo whether the certification was proper. R.J. Messinger, supra. The review focuses on the overriding inquiry of whether there is no just reason for delay using the following factors as non-exclusive considerations in making that determination:
|a(l) The relationship between the adjudicated and the unadjudicated claims;
(2) The possibility that the need for review might or might not be mooted by future developments in the trial court;
(3) The possibility that the reviewing court might be obliged to consider the same issue a second time; and
(4) Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.
R.J. Messinger, at 1122.
In considering the factors set forth in R.J. Messinger, supra, it appears the trial court abused its discretion in designating this judgment as final and appeal-able. The issue of the effect of Executive Orders KBB-32, 48, and 67, on the prescription of nonuse is intertwined with the *237 remaining issues regarding whether and when the defendants conducted operations sufficient to interrupt that prescription. For example, even if the prescription of nonuse was suspended until November 25, 2005, as alleged by the defendants, they would still have had to conduct prescription-interrupting operations within the two to six weeks following November 25, 2005, to prevent the extinction of the mineral servitude. The record does not indicate that that fact has been conclusively established either way. Therefore, despite the assertions of the defendants, a reversal of the trial court on this legal issue would not terminate the litigation. Accordingly, the relationship between the adjudicated and unadjudicated claims weighs heavily against certification.
Additionally, it appears that the issue presented in the consolidated appeals could be mooted by further proceedings in the trial court. Because both sets of defendants have alleged that they conducted operations sufficient to interrupt prescription even without the benefit of the claimed suspension, their prevailing on that matter would make the suspension issue moot. Obviously, the issue remaining to be determined is when operations sufficient to interrupt prescription began, if ever. It is not necessary that the suspension issue be reviewed prior to the trial court’s consideration of the remaining issue. Because the trial court has stayed the proceedings pending the appeal, consideration of the issue now will only delay the ultimate resolution of the case.
Lastly, the resolution of this issue does not indicate that it will facilitate the resolution of this litigation, reduce its costs or foster judicial economy. Accordingly, the motion to dismiss the appeals is hereby GRANTED.