OIL INSURANCE LIMITED
v.
DOW CHEMICAL COMPANY, DOW HYDROCARBONS AND RESOURCES, INC., FRANK'S CASING CREW & RENTAL TOOLS, INC., and GREY WOLF DRILLING COMPANY, LP.
No. 2007 CA 1374.
Court of Appeals of Louisiana, First Circuit.
March 26, 2008.
GEORGE J. FOWLER, EDWARD F. LEbRETON, NORMAN C. SULLIVAN, Attorneys for Plaintiff/Appellant, Oil Insurance Limited.
W. ARTHUR ABERCROMBIE, JOHN STONE CAMPBELL, III, JOHN ALLAIN VIATOR, PHILLIP E. FOCA, MICHELLE HOWARD, and Attorneys for Defendants/Appellees, The Dow Chemical Company and Dow Hydrocarbons & Resources, Inc.
F. BARRY MARIONNEAUX, F. CHARLES MARIONNEAUX, and MARTIN S. TRICHE.
Before: CARTER, C.J., PETTIGREW and WELCH, JJ.
CARTER, C. J.
On September 29, 2005, Oil Insurance Limited ("Oil"), as the subrogated insurer for Gulf South Pipeline, L.P. ("Gulf South"), filed suit against multiple defendants seeking reimbursement for claims paid on behalf of Gulf South. Oil's petition alleged that in the 1970s, Dow Chemical Company, Dow Hydrocarbons & Resources, Inc. (collectively, "Dow") contracted with Frank's Casing & Rental Tools ("Frank's") to drill and install casing for two wells, which Gulf South leased from Dow in 2001 for the storage of natural gas. Natural gas seeped from one of the wells on December 24, 2003. Gulf South faced numerous lawsuits as a result of the seepage and resulting damages. Oil estimated that the total subrogated payments made on behalf of Gulf South will be in excess of $30,000,000.00. Among the claims in its petition, Oil alleged that the seepage was caused by the negligence of Dow and Frank's.[1] Gulf South was made a party to the litigation and filed a reconventional demand against Oil, also asserting that Dow's negligence caused the seepage.
Dow filed a peremptory exception raising the objection of prescription, contending that the negligence claims asserted against it by Oil and Gulf South are barred by liberative prescription. Oil opposed the exception, contending that the doctrine of contra non valentum is applicable and because of it, prescription did not begin to run until June 2005, when its expert completed his investigation into the cause of the leak. In written reasons, the trial court found contra non valentum to be inapplicable, concluding that there was no reason Oil and Gulf South could not have filed suit "long before" the expert completed his investigation. The trial court noted that seven other lawsuits arising out of the same gas leak were timely filed. The trial court sustained the peremptory exceptions raising the objection of prescription and dismissed the negligence claims asserted against Dow by Oil and Gulf South. The judgment was certified as final for purposes of appeal.[2] Oil appeals, contending the trial court erred in finding the doctrine of contra non valentum is applicable and in sustaining the peremptory exception raising the objection of prescription.
This court considered whether contra non valentum applies to the facts of this dispute in the case of Oil Ins. Ltd. v. Dow Chemical Co., 07-0418 (La. App. 1 Cir. 11/2/07) ___, So.2d ___, writ denied, 07-2319 (La. 2/22/08) ___, So.2d ___ ("Oil I"). Under consideration in Oil I was a judgment of the trial court sustaining a peremptory exception raising the objection of prescription that was filed by Frank's. Therein, Oil raised the same arguments regarding application of contra non valentum. This court determined that, "even though Oil showed that the discovery rule applied to extend prescription beyond the date of the accident in December of 2003, prescription commenced on or before June 30, 2004, and ended no later than June 30, 2005." Thus, it was determined that the one year prescriptive period had run by the time Oil filed its petition on September 29, 2005. Oil I ___, So.2d at ___.
We find that the arguments raised in this appeal are substantially the same as those raised in Oil I and, primarily concern the doctrine of contra non valentum and its application to the facts of this case. For the reasons set forth in Oil I, we find no error of fact or law in this case that would serve as a basis for reversing the trial court's judgment.
In consideration of this court's analysis set forth in Oil I, the judgment of the trial court is affirmed. This memorandum opinion is issued in compliance with URCA Rule 2-16.1.B. Costs of this appeal are assessed to Oil Insurance Limited.
AFFIRMED.
NOTES
[1] Oil also contended that another defendant, Grey Wolf Drilling Company, LP, was negligent along with Dow and Frank's. Grey Wolf Drilling Company, LP is not a party to this appeal.
[2] Based on our de novo review of the trial court's certification of the judgment by utilizing the factors set forth in R.J. Messinger, Inc. v. Rosenblum, 04-1664 (La. 3/2/05), 894 So.2d 1113, 1122-1123, we conclude that the designation is proper, and that the jurisdiction of this court has been properly invoked. The remaining claims against Dow are separate and distinct from the negligence claims. The need for review of this issue at this time best serves the interest of the litigants as well as the concern for judicial efficiency and economy, especially considering the same issues have already been considered by this court in an appeal by a co-defendant. See Oil Ins. Ltd. v. Dow Chemical Co., 07-0418 (La. App. 1 Cir. 11/2/07), ___ So.2d ___, writ denied, 07-2319 (La. 2/22/08), ___ So.2d ___.