McCLENDON, J.
12This appeal concerns the validity of an uninsured/underinsured motorist (UM) waiver. State Farm Mutual Automobile Insurance Company (State Farm) seeks review of partial summary judgment granted in favor of plaintiff, Kymberli Dozier, and the denial of its cross-motion for summary judgment. The judgment afforded plaintiff UM coverage for the accident at issue. For the following reasons, we conclude that the UM coverage form was “properly completed” under LSA-R.S. 22:1295(1) (a) (ii), and we reverse the trial court’s judgment, grant State Farm’s motion for summary judgment, and dismiss plaintiffs action against State Farm.
FACTS AND PROCEDURAL HISTORY
Kymberli Dozier was involved in an automobile accident with Gabriel Okoorkwo on November 4, 2009. On January 12, 2010, Ms. Dozier filed suit for alleged injuries she sustained in the accident, naming Mr. Okoorkwo, his liability insurer, Progressive Casualty Insurance Company, and her UM insurer, State Farm, as defendants.[1] With regard to State Farm, Ms. Dozier alleged that it had issued a policy of UM coverage that insured the vehicle she was operating at the time of the accident.
State Farm answered, alleging that Ms. Dozier had rejected UM coverage under the policy it had issued to her. In October 2010, Ms. Dozier filed a motion for partial summary judgment seeking a declaration that UM coverage was available under the policy because the UM coverage form was “improperly completed” insofar as the number entered on the UM coverage form in the space marked “Policy Number” did not match the number on the application. In November 2010, State Farm filed a cross motion for summary judgment, urging that there was no UM coverage under its policy and seeking a judgment dismissing plaintiffs suit against it.
|aIn support of its motion for summary judgment, State Farm submitted a copy of its policy (# 155 5044-E25-18B), the UM coverage form at issue, and the affidavit of Travis Keiser, an underwriting team manager for State Farm.
On the UM coverage form at issue, Ms. Dozier placed her initials by the following option: “I do not want [Uninsured/Un-derinsured Motorists Bodily Injury] Coverage. I understand that I will not be compensated through [Uninsured/Un-derinsured Motorists Bodily Injury] coverage for losses arising from an accident caused by an uninsured/underinsured motorist.” The UM coverage form was dated May 22, 2006, and signed by Ms. Dozier, and “18-2019-F31” was placed in the blank designated for the “Policy Number.”
In his affidavit, Mr. Keiser attested, in pertinent part:
At the time of Ms. Dozier’s May 22, 2006, application for automobile insurance with State Farm, she did not have any automobile policies with State Farm.
At the time Ms. Dozier initially began her application for insurance, a temporary electronic (“E-application”), number, 18-2019-F31, was assigned to her application. The first two numbers, 18, are the code for the State of Louisiana. The next four numbers, 2019, refer to *518 the agent receiving the application, David Hoffman. The last three digits, FBI, refer to the next sequential application submitted by the particular agent ■with numbers running from A01 to Z99. This E-application number appears on the uninsured/underinsured motorist Bodily Injury Coverage Form signed by Ms. Dozier on May 22, 2006, and it was the only number assigned to her application at that time.
On May 24, 2006, Ms. Dozier’s electronic application was received by State Farm. Upon receipt, State Farm’s computer system assigned the number “5” to the “18” prefix, which is a unique digit used to designate a specific division within Louisiana. Thus, on the auto application documentation produced to Ms. Dozier by State Farm in this litigation, the E-application number reads 185-2019-F31, and that is how the application number appeared after it was received by State Farm in Columbia, Missouri. The temporary application number was later replaced with the policy number, 115 5044-E25-18, when the policy issued on June 6, 2006. The policy number could not be placed on the UM/UIM selection Form, because the policy had not been issued, and a policy number did not yet exist or had been assigned. Following a hearing on February 7,
2011, on the cross motions for summary judgment, the trial court found that the UM waiver was ineffective |4because the number written on the waiver “is missing a digit in it.” It then granted Ms. Dozier’s motion for partial summary judgment and denied State Farm’s cross-motion. The trial court, finding “no just reason for delay of an appeal thereof,” designated the grant of Ms. Dozier’s motion for partial summary judgment as a final judgment under LSA-C.C.P. art. 1915.[2]
State Farm filed a writ application to seek review of the denial of its motion for summary judgment. State Farm also filed an appeal of the trial court’s grant of Ms. Dozier’s motion for partial summary judgment.[3] State Farm asserts that the trial court erred in finding that Ms. Dozier’s rejection of UM coverage was invalid.
DISCUSSION
When an appellate court reviews a trial court judgment on a motion for summary judgment, it applies the de novo standard of review, “using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law.” Gray v. American Nat’l Property & Cas. Co., 07-1670, p. 6 (La.2/26/08), 977 So.2d 839, 844; See La. C.C.P. art. 966(B).
Pursuant to LSA-C.C.P. art. 966(C)(2), the burden of proof remains with the mov-ant. However, if the moving party will not bear the burden of proof on the issue at trial and points out that there is an absence of factual support for one or more *519 elements essential to the adverse party’s claim, action, or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the | opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment will be granted.
In Louisiana, UM coverage is provided for by statute and embodies a strong public policy. Duncan v. U.S.A.A. Ins. Co., 06-363, p. 4 (La.11/29/06), 950 So.2d 544, 547. UM coverage is determined not only by contractual provisions, but also by applicable statutes. Id. Thus, under the UM statute,[4] the requirement of UM coverage is an implied amendment to any automobile liability policy, even when not expressly addressed, as UM coverage will be read into the policy unless validly rejected. Id. Because of the strict construction requirement, an insurer has the burden of proving by clear and unmistakable evidence that a UM selection form is valid. See Gray, 07-1670 at pp. 8-9, 977 So.2d at 845.
In Duncan, the supreme court, after reviewing the UM waiver form adopted by the commissioner of insurance, concluded that the following six tasks were essential for a UM waiver to be effective: (1) initialing the selection or rejection of coverage chosen; (2) if limits lower than the policy limits are chosen, then filling in the amount of coverage selected for each person and each |fiaccident; (3) printing the name of the named insured or legal representative; (4) signing the name of the named insured or legal representative; (5) filling in the policy number; and (6) filling in the date. Duncan, 06-363 at pp. 11-12, 950 So.2d at 551-52. The court determined that the “failure to fill in the policy number on the form prescribed by the commissioner of insurance invalidates the UM waiver, and consequently, the UM coverage is equal to the liability limits of the policy.” Duncan, 06-363 at p. 16, 950 So.2d at 554.
Following Duncan, however, the supreme court concluded that filling in the policy number is not essential to a valid *520 UM coverage waiver if no policy number was available at the time of the execution of the UM coverage form. See Carter v. State Farm Mut. Auto. Ins. Co., 07-1294 (La.10/5/07), 964 So.2d 375, 376. Therein, the supreme court distinguished Duncan on the basis that the Commissioner of Insurance’s regulations specifically allow omission of the policy number if it does not exist at the time the UM waiver is complete. See Bulletin LIRC 98-03. Therefore, in a case where a policy number is not available, only five “tasks” are necessary for a valid UM selection form rejecting coverage to be valid. See Gray, 07-1670 at p. 11 n. 2, 977 So.2d at 847 n. 2. Subsequently, this court held that “the insertion of an application number on the form in the space designated for a policy number did not invalidate the form.” Clement v. State Farm Mutual Auto. Ins. Co., 08-0014, p. 7 (La.App. 1 Cir. 6/6/08), 992 So.2d 506, 510, writ denied, 08-1503 (La.10/3/08), 992 So.2d 1020.
Ms. Dozier contends that the waiver was invalid because an “incorrect” application number was placed in the policy number blank on the UM coverage form and an additional digit was later added to the application number. However, it is undisputed that at the time Ms. Dozier signed the UM coverage form, the policy number was not available. Because the policy number was not available, only five of the Duncan “tasks” are necessary for a valid UM selection form rejecting coverage to be valid. See Gray, 07-1670 at p. 11 n. 2, 977 So.2d at 847 n. 2. Ms. Dozier does not contest that these five Duncan tasks were met. 17Moreover, the application number placed on the UM coverage form was not in error insofar as State Farm, in accordance with its internal practice, added the number “5” to the actual application number to designate a specific division within Louisiana. As such, pursuant to the dictates of Gray and Clement, State Farm produced factual support sufficient to establish that it would be able to meet its evidentiary burden of proof at trial to show that Ms. Dozier rejected UM coverage. Ms. Dozier has failed to present any evidence to rebut the presumption that she knowingly rejected UM coverage. See LSA-R.S. 22:1295(1)(a)(ii). Accordingly, no genuine issues of material fact remain, and State Farm is entitled to judgment as a matter of law.
In light of the foregoing, we reverse the district court’s judgment granting Ms. Dozier’s motion for partial summary judgment. We also grant State Farm’s motion for summary judgment and dismiss it from the litigation. Costs of this appeal are assessed against appellee, Kymberli Dozier.
JUDGMENT REVERSED; WRIT GRANTED AND RENDERED.

. Neither Mr. Okoorkwo nor Progressive is involved in this appeal.

. Although the trial court provided no reasons for the certification, after considering the factors set forth in R.J. Messinger, Inc. v. Rosenblum, 04-1664, p. 14 (La.3/2/05), 894 So.2d 1113, 1122, this court finds the certification to be proper.

. On May 9, 2011, a panel of this court referred the writ application to the appeal panel. Because the issues involved in the granting of partial summary judgment in favor of Ms. Dozier are identical to those presented by State Farm’s motion for summary judgment, it is clearly appropriate to review the interlocutory judgment denying State Farm's motion at this time. See La. Workers' Compensation Corp. v. La. Ins. Guar. Ass’n, 08-0885, p. 7 n. 4 (La.App. 1 Cir. 5/13/09), 20 So.3d 1047, 1051 n. 4, writ denied, 09-1308 (La.10/9/09), 18 So.3d 1282.

. Louisiana Revised Statutes 22:1295(l)(a) provides, in pertinent part:
(i) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle designed for use on public highways and required to be registered in this state or as provided in this Section unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover nonpunitive damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death resulting therefrom; however, the coverage required under this Section is not applicable when any insured named in the policy either rejects coverage, selects lower limits, or selects economic-only coverage, in the manner provided in Item (l)(a)(ii) of this Section....
(ii) Such rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance. The prescribed form shall be provided by the insurer and signed by the named insured or his legal representative. The form signed by the named insured or his legal representative which initially rejects such coverage, selects lower limits, or selects economic-only coverage shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto. A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage....