CF INDUSTRIES, INC. AND HARTFORD FIRE INSURANCE COMPANY
v.
TURNER INDUSTRIES SERVICES, INC., COOPERHEAT-MQS, INC. AND CATALYST PROCESS SPECIALIST, INC.
No. 2009 CA 0093.
Court of Appeals of Louisiana, First Circuit.
June 12, 2009.
Not Designated for Publication
L.J. HYMEL, Jr., MICHAEL REESE DAVIS, TIM P. HARTDEGAN, TIMOTHY W. CERNIGLIA, MALCOLM J. DUGAS, JR., ROBERT E. KERRIGAN, JR., CHARLES E. LECHE, MARK C. DODART, Counsel for Plaintiff/Appellant CF Industries
ALBERT C. MIRANDA, Counsel for Plaintiff/Appellee, Hartford Fire Insurance Company
THOMAS E. BALHOFF, Counsel for Defendant/Appellee, Turner Industries Services and Catalyst Process Specialists.
ARTHUR W. LANDRY, Counsel for Defendant/Appellee Lumbermens Mutual Casualty Company.
ANDREW A. BRAUN, Counsel for Defendant/Appellee Underwriters at Lloyds of London and Great Lakes Reinsurance.
BEFORE: CARTER, C.J., WHIPPLE AND DOWNING, JJ.
DOWNING, J.
CF Industries, Inc. (CFI), appeals a partial summary judgment in favor of Lumbermens Mutual Casualty Company (LMC) that dismissed CFFs bad faith claims against LMC. Concluding that material questions of fact exist, we reverse the trial court judgment.

PERTINENT FACTS AND PROCEDURAL HISTORY
This action arises from an explosion at CFFs facility in Donaldsonville, Louisiana, on May 24, 2000, that was caused by a failed weld in a pressure vessel. An employee of Cooperheat-MQS, Inc. (MQS), Sammy Charlet, had recently inspected the vessel. In 1995, CFI and MQS signed an agreement (1995 ATC) that did not contain a provision requiring MQS to name CFI as an additional insured. LMC was MQS's insurer at the time of the accident. A subsequent agreement was signed in 1996 (1996 ATC), however, that did require MQS to name CFI as an additional insured.
During the course of litigation, the trial court ruled on summary judgment that the 1996 ATC governed the obligations between the parties and that CFI qualified as an additional insured under the LMC policy. LMC appealed the judgment incorporating that decision. We reversed the judgment of the trial court, concluding that a factual dispute existed over "whether it was the intent of the parties that the provisions in the 1996 ATC would terminate the earlier document." CF Industries, Inc. v. Turner Indus. Services, Inc., 06-0856, p. 4 (La.App. 1 Cir. 2/9/07) (unpublished), 949 So.2d 675 (Table).
Subsequently, CFI filed a third supplemental and amending petition to assert bad faith claims against LMC under former La. R.S. 22:658[1] and former La. R.S. 22:1220.[2] LMC filed a motion for partial summary judgment asserting that CFI had no legal basis for any bad faith action. The trial court, among other decrees, granted LMC's motion for summary judgment and entered judgment dismissing CFI's bad faith claims. This decree was certified as a partial final judgment pursuant to La. C.C.P. art. 1915B.[3]
CFI now appeals, asserting that the trial court erred in granting summary judgment in LMC's favor and dismissing its bad faith claims against LMC.

DISCUSSION
Reviewing courts review summary judgments de novo, using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; i.e., whether there is any genuine issue of material fact and whether the movant is entitled to judgment as a matter of law. Samaha v. Rail, 07-1726 (La. 2/26/08), 977 So.2d 880, 882-83. "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966B.
Here, the trial court granted summary judgment in favor of LMC and dismissed CFI's amended petition insofar as it raised bad faith claims against LMC. In doing so, the trial court relied on this court's previous decision, referenced above, to conclude that a reasonable coverage dispute has existed "between the parties since the inception of litigation," as follows:
As stated by the First Circuit, it is disputed whether it was the intent of the parties that the provisions in the 1996 ATC would terminate the 1995 document. This creates a reasonable and legitimate coverage dispute, which precludes a finding of bad faith by LMC. As such, LMC's Motion for Summary Judgment must be granted and CFI's allegations of bad faith against LMC must be dismissed.
As we observed in our prior opinion, a motion for summary judgment is rarely appropriate for a determination based on subjective facts such as intent, motive, malice, knowledge or good faith. CF Industries, Inc., 06-0856 at p. 2. "What constitutes just and reasonable grounds for failing to pay is a question of fact to be determined from the circumstances of the case in question[.]" Hymel v. HMO of Louisiana, Inc., 06-0042 (La.App. 1 Cir. 11/15/06), 951 So.2d 187, 201.
In our prior opinion, we reversed the grant of summary judgment, concluding that a genuine issue of material fact existed. CF Industries, Inc., 06-0856 at p. 4. But in examining a motion for summary judgment, our review is limited to whether factual questions exist and whether the movant is entitled to judgment as a matter of law based on the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Samaha, 07-1726, 977 So.2d 882-83; La. C.C.P. art. 966B. Nothing in our reversal of the summary judgment precludes a factfinder, after hearing the evidence and making its credibility determinations, from finding that LMC's actions contravened the good faith requirements of former La. R.S. 22:658 and former La. R.S. 22:1220. We do not suggest that the factfinder will so decide. We only conclude that our prior opinion is not determinative of the issue of good or bad faith and that such decision is a question of fact for the factfinder. It does not necessarily follow that the existence of a question of fact that precludes summary judgment would preclude a factfinder from finding that LMC acted in bad faith should it find insurance coverage in favor of CFI.
Concluding that questions of fact exist as to whether LMC acted in bad faith in contravention of former La. R.S. 22:658 and former La. R.S. 22:1220, we will reverse the judgment of the trial court. The trial court erred in granting LMC's motion for summary judgment. Therefore, CFFs assignment of error has merit.

DECREE
For the foregoing reasons, we reverse the decree that granted partial summary judgment in favor of LMC and against CFI, which is the only issue on appeal. This memorandum opinion is issued in accordance with Uniform Rules  Courts of Appeal, Rule 2-16. LB. All costs of this appeal are assessed to Lumbermens Mutual Casualty Company.
REVERSED
NOTES
[1] As of January 1, 2009, La, R.S. 22:658 lias been recodified as La. R.S. 22:1892.
[2] As of January 1, 2009, La. R.S. 22:1220 has been recodified as La. R.S. 22:1973.
[3] Questioning the trial court's certification, this court issued an order requiring the trial court to give reasons for its certification. On review of the trial court's per curiam opinion, we conclude the trial court did not abuse its discretion in certifying the judgment as final pursuant to La. C.C.P. art. 1915B. See R. J. Messinger, Inc. v. Rosenblum. 04-1664 (La. 3/2/05). 894 So.2d 1113. 1122.