NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 18-195


THE SUCCESSION OF ALLEN L. SMITH, JR.

VERSUS

KEITH ALAN PORTIE


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2015-4038
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

SHANNON J. GREMILLION

JUDGE

**********

Court composed of Shannon J. Gremillion, Phyllis M. Keaty, and D. Kent Savoie, Judges.


APPEAL DISMISSED.


John Prentis Everett, Jr.
Roddy, Watson & Everett
400 E. College Street
Lake Charles, LA 70605
(337) 474-4886
COUNSEL FOR PLAINTIFF/APPELLEE:
    Shirley Ann Smith

Oliver Jackson Schrumpf
Schrumpf & Schrumpf
3801 Maplewood Dr.
Sulphur, LA 70663
(337) 625-9077
COUNSEL FOR DEFENDANT/APPELLANT:
    Keith Portie

Christopher E. John
Assistant City Attorney
Post Office Box 900
Lake Charles, LA 70602-0900
(337) 491-1547
COUNSEL FOR DEFENDANT/APPELLEE:
    City of Lake Charles

Timothy O'Dowd
Attorney at Law
924 Hodges Street
Lake Charles, LA 70601
(337) 310-2304
COUNSEL FOR PLAINTIFF/APPELLEE:
    Shirley Ann Smith

**GREMILLION, Judge.**

This court, on its own motion, issued a rule for the Defendant-Appellant, Keith Portie, to show cause, by brief only, why the instant appeal should not be dismissed as having been taken from a partial judgment which has not been designated final pursuant to La.Code Civ.P. art. 1915(B). Mr. Portie has filed his brief in response to this court's rule. For the reasons assigned, we dismiss the appeal without prejudice.

The instant litigation involves a five-foot strip of land that forms a border between the property of the Plaintiff-Appellee, Shirley Smith,[1] and the property of her neighbor, Mr. Portie. Plaintiff avers that the five-foot strip of land at issue was dedicated to the Defendant, the City of Lake Charles, in a Drainage Easement, and that the city accepted this dedication. Furthermore, Plaintiff avers that there are subdivision restrictions which prohibit certain improvements from being made on this easement. Plaintiff asserted in her amended petition that the strip of land is actually owned by the city due to the dedication. Plaintiff contends, though, that Mr. Portie has violated the restrictions through such actions as placing fill in this area of the property. Additionally, Plaintiff avers that in performing some of the work in the area of the easement, Mr. Portie crossed onto the Plaintiff's property, without permission, and caused various damages to her property.

Plaintiff's First Amended Petition seeks a litany of relief, including a declaration that the city owns the subject strip of land, that the Plaintiff owns a servitude of drain on that land, that Mr. Portie owes Plaintiff damages for the work done on that land and other damages caused to her property, and owes her attorney fees. She also seeks injunctive relief.

In the course of this action, the Plaintiff filed a motion for partial summary judgment asking that the trial court declare that the city owns the strip of land at issue.

---

[1] The original plaintiff was The Succession of Allen L. Smith, Jr. After the rendition of the Judgment of Possession in the succession proceeding, Mrs. Smith was substituted as party plaintiff, and, subsequently, Mrs. Smith filed her First Amended Petition.

Following a hearing on the motion, the trial court signed a written judgment declaring that the city is the owner of the five-foot strip of land.

Mr. Portie filed a motion and order for suspensive appeal from this partial judgment, which order was granted by the trial court. Upon the lodging of the record in this appeal, though, this court issued the above-mentioned rule for Mr. Portie to show cause why the appeal should not be dismissed as having been taken from a partial judgment that has not been designated as final pursuant to La.Code Civ.P. art. 1915(B).

In the response to this court's rule filed by Mr. Portie, he admits that this partial judgment decides only one issue presented by this litigation and that no party is dismissed from this litigation by this judgment. Thus, Mr. Portie also admits that the judgment is not immediately appealable without the designation required by La.Code Civ.P. art. 1915(B). Citing *R.J. Messinger, Inc. v. Rosenblum*, 04-1664 (La. 3/2/05), 894 So.2d 1113, Mr. Portie offers this court four alternative resolutions to this procedural issue: 1) dismiss the appeal and require an appeal after a complete adjudication of this case, 2) remand for the trial court to issue a per curiam on the finality of the judgment, 3) consider the appeal as an application for supervisory writs, or 4) conduct a de novo review of the record and determine whether the judgment is final and appealable.

While the options suggested by Mr. Portie may be available to this court, we decline to exercise any of them. The record in this case does not show that Mr. Portie has sought to have the trial court designate this judgment as final, for express reasons given. Mr. Portie can seek such designation, and the trial court has discretion as to whether to designate the judgment as final. *R.J. Messinger*, 894 So.2d 1113. Since the judgment in this case has not been designated final, the ruling can be rendered moot before this court is called upon to review the ruling because the trial court retains the jurisdiction to revise this judgment "at any time prior to rendition of the

2

judgment adjudicating all the claims and the rights and liabilities of all the parties." La.Code Civ.P. art. 1915(B)(2). Alternatively, Mr. Portie can await the complete adjudication of this suit before seeking appellate review of the instant ruling. Accordingly, we dismiss this appeal, without prejudice, as having been taken from an interlocutory ruling which is not immediately appealable.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.