NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-386

RANDALL VIATOR

VERSUS

SILVIA YOUMAN, ET AL.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 126964
HONORABLE SUZANNE M. DEMAHY, DISTRICT JUDGE

**********

CANDYCE G. PERRET
JUDGE

**********

Court composed of John D. Saunders, Billy H. Ezell, and Candyce G. Perret, Judges.

APPEAL DISMISSED.

**Derriel McCorvey**
**H.D. Register, III**
**McCorvey Law LLC**
**Post Office Box 2473**
**Lafayette, LA 70502**
**(337) 291-2431**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Randall Viator**

**Ian A. Macdonald**
**Jones Walker LLP**
**600 Jefferson Street, Suite 1600**
**Lafayette, LA 70502-3408**
**(337) 593-7600**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Progressive Paloverde Insurance Co.**

**PERRET, Judge.**

On October 30, 2018, this court issued a rule, *sua sponte*, for Plaintiff-Appellant, Randall Viator, to show cause, by brief only, why the instant appeal should not be dismissed as having been improperly designated appealable pursuant to La.Code Civ.P. art. 1915(B). On November 2, 2018, this court received Mr. Viator's response to the rule. For the following reasons, we hereby dismiss the appeal.

**FACTS:**

Mr. Viator initially filed this suit to recover damages he attributed to a motor vehicle accident on September 13, 2014. At that time, he named as defendants Silvia Youman and her insurer, Allstate Insurance Company ("Allstate"). During the course of the litigation, Ms. Youman and Allstate were dismissed from the lawsuit due to a settlement with Mr. Viator. Mr. Viator subsequently amended his petition to add Progressive Paloverde Insurance Company ("Progressive") in its capacity as his underinsured motorist carrier. In June 2017, Mr. Viator amended his petition to add claims for penalties and attorney's fees claiming that Progressive acted arbitrarily and capriciously in failing to make a tender under the UM provisions of its policy.

Progressive filed a Motion for Partial Summary Judgment arguing that Mr. Viator's claims for statutory penalties should be dismissed because he cannot prove that it "adjusted his claim in bad faith due to his own lack of cooperation, the disputed liability and the absence of evidence that Progressive's actions were arbitrary and capricious."

After a hearing, the trial court agreed with Progressive and granted its Motion for Partial Summary Judgment, which dismissed Mr. Viator's claims for penalties and attorney's fees. In granting Progressive's motion, the trial court

stated, in pertinent part: "It is not bad faith for [Progressive] to deny liability when there is a factual dispute. . . . But as Defense Counsel clearly stated, if facts develop after today which places [Progressive] in a situation of being in bad faith, then another petition can be filed on those facts." On November 27, 2017, a signed judgment granting the Motion for Partial Summary Judgment was rendered without the designation of the judgment being certified as final and appealable.

Thereafter, on January 29, 2018, the trial court signed a judgment making the November 27, 2017 judgment final and appealable, but without making an express determination that there was no just reason for delay. Specifically, the January 29 judgment states:

> In *Stall v. Mercury Ins. Co.*, 17-439 (La.App. 3rd Cir. 2017), and in *Hickey v. Allstate Ins. Co.*, CM 14-973 (La.App. 3rd Cir. 2014), the Third Circuit declined to dismiss an appeal when the trial court certified its judgment as final and appealable granting a partial motion for summary judgment.
>
> **IT IS ORDERED, ADJUDGED AND DECREED** that the Judgment granting Progressive Paloverde Insurance Company's Motion for Partial Summary Judgment on November 27, 2017, be made final and appealable.

Mr. Viator now appeals this judgment arguing that this court should maintain the instant appeal because the trial court properly designated the November 2017 judgment as final and appealable in accordance with La.Code Civ.P. art. 1915(B)(1).

**DISCUSSION:**

Louisiana Code of Civil Procedure Article 1915(B) determines whether a partial summary judgment is immediately appealable during ongoing litigation and provides, as follows:

> (1)    When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim,

2

third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

(2)   In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Although the trial court designated the judgment as final on January 29, 2018, the court gave no reasons for the designation as required in La.Code Civ.P. art. 1916(B)(1).  Therefore, this court is required to conduct a de novo review to determine whether the certification was proper pursuant to *R.J. Messinger, Inc. v. Rosenblum*, 04-1664 (La. 3/2/05), 894 So.2d 1113.  In *R.J. Messinger*, the Louisiana Supreme Court listed the following non-exclusive factors for considering whether a partial judgment should be certified as appealable:

> 1) The relationship between the adjudicated and unadjudicated claims; 2) The possibility that the need for review might or might not be mooted by future developments in the trial court; 3) The possibility that the reviewing court might be obliged to consider the same issue a second time; and 4) Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* at 1122, *citing Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir.1975).

This court addressed a similar situation in *Joseph Washington, Jr. v. Allstate Indemnity Co.*, 11-1508 (La.App. 3 Cir. 2/1/2012) (unpublished opinion), where the plaintiff/appellant argued that a partial summary judgment that dismissed his claims for penalties and attorney's fees with prejudice was properly designated a final judgment pursuant to La.Code Civ.P. art. 1916(B)(1).  In finding that the trial court improperly designated the appealed partial judgment as final, this court utilized the factors listed in *R. J. Messinger* and stated, as follows:

3

[T]he adjudicated partial judgment does not terminate the suit nor will the reversal of this ruling. The judgment merely dismisses Appellant's claim for attorney's fees and penalties . . . . Moreover, the judgment may be rendered moot by future developments in the trial court. For example, if at trial the Appellant fails to prove that Allstate breached its contractual obligations, then Allstate will be absolved of liability, and the issue currently before this court will be rendered moot.

*Id* at 3.

Similarly, in this case, we find it was an abuse of discretion for the trial court to designate this judgment as final and appealable after dismissing Mr. Viator's claims for penalties and attorney's fees, especially considering the trial judge's remarks for Mr. Viator to file another petition "if facts develop after today [the summary judgment hearing] which places [Progressive] in a situation of being in bad faith." As in *Washington*, we find that "judicial resources would be wasted by the appellate review of the partial judgment at this time, considering the probability of a later appeal involving the adjudication of the remaining claims." Thus, we find that the trial court erred in designating its ruling final and appealable pursuant to La.Code Civ.P. art. 1915.

For these reasons, we find the January 29, 2018 judgment was improperly certified as an appealable judgment and we hereby dismiss the appeal at Mr. Viator's cost.

**APPEAL DISMISSED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.

4