# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2022 CA 0446

## 2021 CW 1266

## PONTCHARTRAIN NATURAL GAS SYSTEM, K/D/S PROMIX, L.L.C., AND ACADIAN GAS PIPELINE SYSTEM

## VERSUS

## TEXAS BRINE COMPANY, LLC

Judgment Rendered: __OCT 2 4 2022__

Appealed from the
23rd Judicial District Court
In and for the Parish of Assumption
State of Louisiana
Docket Number 34,265

**Honorable Thomas J. Kliebert, Jr., Ad Hoc Judge Presiding**

*****************

James M. Garner
Leopold Z. Sher
Peter L. Hilbert, Jr.
Darnell Bludworth
Jeffrey D. Kessler
Stuart D. Kottle
New Orleans, Louisiana

Robert Ryland Percy, III
Gonzales, Louisiana

Royce I. Duplessis
New Orleans, Louisiana

Travis J. Turner
Gonzales, Louisiana

Attorneys for Appellant/Defendant
Texas Brine Company, LLC

Martin A. Stern
Leigh Ann Schell
Raymond P. Ward
New Orleans, Louisiana

Kathy Patrick
Laura Kissel Cassidy

Attorneys for Appellants/Defendants
Occidental Chemical Corporation,
Occidental Petroleum Corporation, and
OXY USA, Inc.

1

Caitlin Halpern
Samuel W. Cruse, III
Houston, Texas

Richard Hymel
Lafayette, Louisiana

Brad Brian
Bethany Kristovich
Daniel Levin
Los Angeles, California

Roy C. Cheatwood          Attorneys for Appellee/Defendant
Kent A. Lambert          Legacy Vulcan, LLC
Adam B. Zuckerman
Colleen C. Jarrott
Matthew C. Juneau
Leopoldo J. Yanez
Lauren Brink Adams
New Orleans, Louisiana

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**BEFORE: THERIOT, HOLDRIDGE, AND LANIER, JJ.**

2

**HOLDRIDGE, J.**

This dispute is one of many arising out of the August 2012 sinkhole that appeared near Bayou Corne in Assumption Parish. This appeal relates to a challenge by Texas Brine Company, LLC of a summary judgment declaring a lease, and other interdependent contracts, extinguished by confusion. In the answer filed to this appeal and related request for supervisory review, Legacy Vulcan, LLC challenges the trial court's judgment as to the effects of those extinguished contracts.[1] Occidental Chemical Corporation, Occidental Petroleum Corporation, and Oxy USA, Inc., challenge the summary judgment's lack of a reservation of their right to arbitrate their contractual disputes with Texas Brine including confusion of the lease at issue.[2] The same issues were recently decided by this court in a related appeal that originated out of a different trial court number (No. 34316, 23rd Judicial District Court, Assumption Parish), but was rendered by the same trial court judge on the same date, concerning the same parties. See

---

[1] Legacy Vulcan filed a writ, docket number 2021 CW 1266, seeking supervisory review of the denial of its motion for summary judgment to dismiss any remaining contract claims asserted by Texas Brine against Legacy Vulcan, which was referred to this panel for review in conjunction with the appeal of the December 9, 2020 judgment. See order dated December 6, 2021.

[2] This court has previously considered and decided the arbitration issues Occidental Chemical Corporation, Occidental Petroleum Corporation, and Oxy USA, Inc. (collectively the Oxy Parties) raise in their appeal. See **Pontchartrain Natural Gas System v. Texas Brine Company, LLC**, 2018-1249 (La. App. 1st Cir. 12/30/20), 317 So.3d 715, 745, writs denied, 2021-00382, 2021-00386 (La. 6/8/21), 317 So.3d 323 (wherein this court held that all claims between the Oxy Parties and Texas Brine be submitted for determination by the arbitration panel); and **Florida Gas Transmission Company, LLC v. Texas Brine Company, LLC**, 2018-0075 (La. App. 1st Cir. 7/1/19), 285 So.3d 1093, 1101, writs denied, 2019-01124 (La. 7/17/19), 277 So.3d 1180, 2019-01405 ( La. 11/12/19), 282 So.3d 225 (wherein this court held that the determination of the issue of confusion of contracts as between the Oxy Parties and Texas Brine was appropriate for the arbitration panel rather than the trial court). Both of these rulings are final and definitive judgments, as the Louisiana Supreme Court has denied writs of certiorari; therefore, this is the law of the case and there is no need to reexamine these arbitration issues. See **Slaughter v. Louisiana State Employees' Retirement System**, 2020-0881 (La. App. 1st Cir. 3/25/21), 322 So.3d 839, 845, writ denied, 2021-00567 (La. 6/22/21), 318 So.3d 706, cert. denied, ___ U.S. ___, 142 S.Ct. 775, 211 L.Ed.2d 484 (2022) (the law of the case doctrine embodies the principle that an appellate court generally does not revisit its own ruling of law on a subsequent appeal in the same case).

3

**Florida Gas Transmission Company, LLC v. Texas Brine Company, LLC,** 2022-0004 (La. App. 1st Cir. 8/3/22), -- So.3d --, 2022 WL 3081479.[3]

In **Florida Gas**, we affirmed the trial court's December 9, 2020 judgment granting Legacy Vulcan's motion for partial summary judgment regarding confusion of the Salt Lease and the cross-extinguishment of the Amended Operating Agreement, the Amended Facilities Lease, and the Assignment of the Salt Lease. We further affirmed the trial court's denial of Legacy Vulcan's motion for partial summary judgment regarding any claims by Texas Brine against Legacy Vulcan for damages arising before March 27, 2008. After a thorough review of the record, we find no material distinctions between the evidence and arguments asserted in this appeal and those presented in the **Florida Gas** appeal. The substantially same background, issues, and assignments of error raised by Texas Brine and Legacy Vulcan have already been discussed in **Florida Gas**, which we are bound to follow under the "law of the circuit" doctrine that requires us to follow our prior decisions.[4] **Labarre v. Occidental Chemical Company,** 2019-0624 (La. App. 1st Cir. 2/19/20), 2020 WL 813269; **Pontchartrain Natural Gas System v. Texas Brine Company, LLC,** 2018-0001 (La. App. 1st Cir. 6/4/18), 253 So.3d 156, writ denied, 2018-1124 (La. 9/28/18), 253 So.3d 147.

Following our law of the circuit doctrine, we issue this summary disposition in accordance with Uniform Rules—Courts of Appeal, Rule 2-16.2(A)(2), (4), and

---

[3] Texas Brine filed the same exception raising the objection of no right of action in the present appeal as it did in **Florida Gas**. Because the arguments in favor and opposition to this objection are the same here as in **Florida Gas**, we adopt the analysis and conclusions regarding the objection as were set forth in **Florida Gas** and deny the exception raising the objection of no right of action.

[4] Although we are bound to follow the law of the circuit, it is questionable if this court has jurisdiction to review the December 9, 2020 judgment under its appellate jurisdiction as it appears that this partial judgment, designated as appealable under La. Code Civ. P. art. 1915(B), only promotes piecemeal appeals, converse to the principles of judicial efficiency and economy. See **OAT Trustee, LLC as Trustee for Girod Titling Trust v. Elite Investment Group, LLC,** 2021-1402, 2021-1551 (La. App. 1st Cir. 7/29/22), -- So.3d --, 2022 WL 3010232, at *6 citing **R.J. Messinger, Inc. v. Rosenblum,** 2004-1664 (La. 3/2/05), 894 So.2d 1113, 1122.

4

(6), and affirm the trial court's December 9, 2020 judgment finding that the obligations in the Salt Lease were extinguished as a result of confusion on March 27, 2008; finding that the Amended Operating Agreement and Amended Facilities Lease, along with the Assignment of Salt Lease were cross-extinguished on that same date; and dismissing with prejudice any actions brought by Texas Brine Company, LLC against Legacy Vulcan, LLC for damages arising after March 27, 2008, based on the aforementioned contracts.

We further affirm the trial court judgment dated August 13, 2021, denying Legacy Vulcan's motion for partial summary judgment regarding any claims by Texas Brine Company, LLC against Legacy Vulcan, LLC for damages arising before March 27, 2008, based on the aforementioned contracts.

The parties to this appeal are to bear their own costs.

**JUDGMENT AFFIRMED; WRIT DENIED; EXCEPTION RAISING THE OBJECTION OF NO RIGHT OF ACTION DENIED.**