## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2022 CA 0782

CROSSTEX ENERGY SERVICES, LP, CROSSTEX LIG, LLC,
AND CROSSTEX PROCESSING SERVICES, LLC

VERSUS

TEXAS BRINE COMPANY, ZURICH AMERICAN INSURANCE COMPANY &
AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY

Judgment Rendered: **FEB 17 2023**

* * * * * * *

On Appeal from the 23rd Judicial District Court
In and for the Parish of Assumption
State of Louisiana
Trial Court Docket Number 34202

Hon. Thomas J. Kliebert, Jr. Judge Presiding, Ad Hoc

* * * * * * *

James M. Garner
Leopold Z. Sher
Peter L. Hilbert, Jr.
Jeffrey D. Kessler
Christopher T. Chocheles
Darnell Bludworth
New Orleans, Louisiana
and
Royce I. Duplessis
New Orleans, Louisiana
and
Ulysses Gene Thibodeaux
Lake Charles, Louisiana
and
Travis J. Turner
Gonzales, Louisiana
and
Robert Ryland Percy, III
Gonzales, Louisiana

Counsel for Appellant/
Third-Party Plaintiff,
Texas Brine Company, L.L.C

Hester, J. concurs

Roy C. Cheatwood  
Kent A. Lambert  
Colleen C. Jarrott  
Adam B. Zuckerman  
Matthew C. Juneau  
Leopoldo J. Yanez  
Lauren Brink Adams  
New Orleans, Louisiana

Counsel for Appellee/  
Third-Party Defendant,  
Legacy Vulcan, LLC

\* \* \* \* \* \* \*

**BEFORE: HOLDRIDGE, PENZATO, AND HESTER, JJ.**

2

**PENZATO, J.**

This dispute is one of many arising out of the August 2012 sinkhole that appeared near Bayou Corne in Assumption Parish. In this appeal, Texas Brine Company, LLC challenges a January 18, 2022 judgment that granted Legacy Vulcan, LLC's "Motion for Partial Summary Judgment Dismissing Texas Brine's Claims Under the Amended Operating Agreement" and dismissed Texas Brine's claims against Legacy Vulcan under the parties' Amended Operating Agreement. After review, we dismiss the appeal and remand the matter to the trial court. The motion to dismiss the appeal filed by Legacy Vulcan is denied as moot.

In a related appeal, this court recently considered a substantially similar judgment rendered by the same trial court, on the same day, in a different trial court docket number. *See Pontchartrain Natural Gas System v. Texas Brine Company, LLC*, 2022-0738 (La. App. 1st Cir. 12/29/22), ___ So.3d ___ 2022 WL 17983139 (No. 34,265, 23rd Judicial District Court, Assumption Parish). The judgment at issue in *Pontchartrain*, ___ So.3d ___ 2022 WL 17983139, *2-3, also granted a "Motion for Partial Summary Judgment Dismissing Texas Brine's Claims Under the Amended Operating Agreement" filed by Legacy Vulcan and dismissed Texas Brine's contract claims against Legacy Vulcan under the parties' Amended Operating Agreement. Like the judgment in *Pontchartrain*, ___ So.3d ___ 2022 WL 17983139, *3, the judgment before us in this appeal was designated as a final judgment pursuant to La. C.C.P. art. 1915.

The appeal in *Pontchartrain*, ___ So.3d ___, 2022 WL 17983139, at *4, was dismissed after a different panel of this court determined that subject matter jurisdiction did not exist. Specifically, this court concluded that the January 18, 2022 partial summary judgment did not meet the requirements of an appealable final judgment under La. C.C.P. art. 1915(B) and *R.J. Messinger, Inc. v. Rosenblum*, 04-1664 (La. 3/2/05), 894 So.2d 1113, 1122. Although Texas Brine

3

and Legacy Vulcan entered into several interdependent contracts, the issue on appeal was limited to Texas Brine's claims against Legacy Vulcan for breach of the parties' Amended Operating Agreement. Therefore, any decision by this court on these limited claims, "without consideration of the remaining interdependent contracts and claims thereupon, would merely result in inefficient, piecemeal, and possibly conflicting resolution of only a minor part of the parties' related contract claims." *Pontchartrain*, ___ So.3d ___ 2022 WL 17983139, at *4. *See* La. C.C.P. art. 2053 ("A doubtful provision [in a contract] must be interpreted in light of the nature of the contract, equity, usages, the conduct of the parties before and after the formation of the contract, *and of other contracts of a like nature between the same parties.*") (Emphasis added.)

After a thorough review of the record in this appeal, we find no material distinctions between the judgment and issues presented in this appeal and those presented in *Pontchartrain*, ___ So.3d ___, 2022 WL 17983139. For the reasons set forth in *Pontchartrain*, ___ So.3d___, 2022 WL 17983139, we find the January 18, 2022 judgment at issue in this appeal does not meet the requirements of a final appealable judgment under La. C.C.P. art. 1915(B) and *R.J. Messinger, Inc.*, 894 So.2d at 1122. Therefore, we lack subject matter jurisdiction over this appeal.

We dismiss the appeal and remand the matter to the trial court for further proceedings consistent with this opinion.[1] Considering our disposition of this matter, the motion to dismiss the appeal filed by Legacy Vulcan is denied as moot. All costs of this appeal are assessed equally between Texas Brine Company, LLC and Legacy Vulcan, LLC.

**MOTION TO DISMISS APPEAL DENIED AS MOOT; APPEAL DISMISSED; CASE REMANDED.**

---

[1] We issue this summary disposition in accordance with Uniform Rules—Courts of Appeal, Rule 2-16.2(A)(1), (2), (4), and (6).