# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2022 CA 1040

## CROSSTEX ENERGY SERVICES, LP, CROSSTEX LIG, LLC, AND CROSSTEX PROCESSING SERVICES, LLC

### VERSUS

## TEXAS BRINE COMPANY, LLC, ET AL.

Judgment Rendered: **MAR 2 3 2023**

Appealed from the
23rd Judicial District Court
In and for the Parish of Assumption
State of Louisiana
Docket Number 34202

Honorable Thomas J. Kliebert, Jr., Ad Hoc Judge Presiding

\* \* \* \* \*

Leopold Z. Sher
James M. Garner
Peter L. Hilbert, Jr.
Christopher T. Chocheles
New Orleans, LA

Travis J. Turner
Gonzales, LA

Uylsses Gene Thibodeaux
Lake Charles, LA

Attorneys for Defendant/Third-
Party Plaintiff/Appellant
Texas Brine Company, LLC

Roy C. Cheatwood
Kent A. Lambert
Adam B. Zuckerman
Leopoldo J. Yanez
Matthew C. Juneau
Lauren Brink Adams
New Orleans, LA

Attorneys for Defendant/Appellee
Legacy Vulcan, LLC

\* \* \* \* \*

BEFORE: GUIDRY, C.J., LANIER AND HESTER, JJ.

**GUIDRY, C.J.**

This dispute is one of many arising out of the August 2012 sinkhole that appeared near Bayou Corne in Assumption Parish, Louisiana. In this appeal, Texas Brine Company, LLC ("Texas Brine") challenges a May 5, 2022 judgment granting a partial summary judgment in favor of Legacy Vulcan, LLC ("Legacy Vulcan") and against Texas Brine, dismissing Texas Brine's contractual claim against Legacy Vulcan under the Assignment of Salt Lease. For the following reasons, we dismiss this appeal and remand the matter back to the trial court.

In a related appeal, this court recently considered an identical judgment originating out of a different trial court number (Docket Number 34,265, 23rd Judicial District Court, Assumption Parish) rendered by the same trial court, on the same date, concerning the same parties, which was also certified as final under La. C.C.P. art. 1915(B). See Pontchartrain Natural Gas System v. Texas Brine Company, LLC, 22-1001 (La. App. 1st Cir. 3/1/23), __ So. 3d __, 2023 WL 2291514.

The appeal in Pontchartrain was dismissed after a different panel of this court determined that subject matter jurisdiction did not exist. Pontchartrain, 22-1001 at p. 9, 2023 WL 2291514 at *5. Specifically, this court concluded that the May 5, 2022 partial summary judgment did not meet the requirements of an appealable judgment under La. C.C.P. art. 1915(B) and R.J. Messinger, Inc. v. Rosenblum, 04-1664 (La. 3/2/05), 894 So. 2d 1113. Id. Although Texas Brine and Legacy Vulcan entered into several interdependent contracts, the issue on appeal was limited to Texas Brine's claim against Legacy Vulcan for breach of the parties' Assignment of Salt Lease. Pontchartrain, 22-1001 at p. 8, 2023 WL 2291514 at *4. Therefore, any decision by this court on this limited claim, "without consideration of the remaining interdependent contracts and claims thereupon, would merely result in inefficient, piecemeal, and possibly conflicting

2

resolution of only a minor part of the parties' related contract claims." Id. Citing Pontchartrain Natural Gas System v. Texas Brine Company, LLC, 22-0738, p. 6 (La. App. 1st Cir. 12/29/22), __ So. 3d __, 2022 WL 17983139, *4. See also La. C.C. art. 2053 ("A doubtful provision [in a contract] must be interpreted in light of the nature of the contract, equity, usages, the conduct of the parties before and after the formation of the contract, *and of other contracts of a like nature between the same parties*." (Emphasis added.))

After a thorough review of the record, we find no material distinctions between the judgment and issues presented in this appeal and those presented in Pontchartrain, 22-1001, 2023 WL 2291514. For the reasons set forth in Pontchartrain, 22-1001 at p. 8, 2023 WL 2291514 at *4, we find the May 5, 2022 judgment at issue in this appeal does not meet the requirements of a final appealable judgment under La. C.C.P. art. 1915(B) and Messinger, 04-1664 at p. 13, 894 So. 2d at 1122. Therefore, we lack subject matter jurisdiction over this appeal.

We dismiss the appeal and remand the matter to the trial court for further proceedings consistent with this opinion. We issue this summary disposition in accordance with Uniform Rules – Courts of Appeal, Rule 2-16.2(A)(1), (2), (4), and (6). All costs of this appeal are assessed equally between Texas Brine Company, LLC and Legacy Vulcan, LLC.

**APPEAL DISMISSED; CASE REMANDED.[1]**

---

[1] On January 24, 2023, Legacy Vulcan, LLC filed a motion to dismiss the appeal. Considering our disposition of this matter, the motion to dismiss the appeal filed by Legacy Vulcan is denied as moot.

On March 10, 2023, Texas Brine Company, LLC filed a motion to cancel oral argument, dismiss appeal and remand to district court. Considering our disposition of this matter, the motion to dismiss appeal and remand to district court filed by Texas Brine Company, LLC is denied as moot. We further note that although this matter was initially set for oral argument on March 14, 2023, the matter was ultimately submitted on briefs by agreement of the parties in light of Texas Brine Company, LLC's motion to cancel oral argument.