STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2022 CA 1273

FLORIDA GAS TRANSMISSION COMPANY, LLC

VERSUS

TEXAS BRINE COMPANY, LLC

Judgment Rendered: __JUN 0 1 2023__

* * * * *

On Appeal from the
23rd Judicial District Court
In and for the Parish of Assumption
State of Louisiana
Trial Court No. 34316

Honorable Thomas J. Kliebert, Jr., Ad Hoc Judge Presiding

* * * * *

| | |
|---|---|
| Leopold Z. Sher<br>James M. Garner<br>Peter L. Hilbert, Jr.<br>Christopher T. Chocheles<br>New Orleans, Louisiana<br>-and-<br>Travis J. Turner<br>Gonzales, Louisiana<br>-and-<br>Ulysses Gene Thibodeaux<br>Lake Charles, Louisiana | Attorneys for Appellant/Third-<br>Party Plaintiff<br>Texas Brine Company, LLC |
| Roy C. Cheatwood<br>Kent A. Lambert<br>Adam B. Zuckerman<br>Leopoldo J. Yanez<br>Matthew C. Juneau<br>Colleen C. Jarrott<br>Lauren Brink Adams<br>New Orleans, Louisiana | Attorneys for Appellee/Third-<br>Party Defendant<br>Legacy Vulcan, LLC |

* * * * *

BEFORE: PENZATO, HESTER, AND GREENE, JJ.

**HESTER, J.**

This dispute is one of many arising out of the August 2012 sinkhole that appeared near Bayou Corne in Assumption Parish, Louisiana. In this appeal, Texas Brine Company, LLC ("Texas Brine") challenges a May 5, 2022 judgment granting a partial summary judgment in favor of Legacy Vulcan, LLC ("Legacy Vulcan") and against Texas Brine, dismissing Texas Brine's contractual claim against Legacy Vulcan under the Assignment of Salt Lease. For the following reasons, we dismiss this appeal and remand the matter to the trial court.

In related appeals, this court considered identical judgments originating out of different trial court numbers (Docket Numbers 34,265 and 34,202, 23rd Judicial District Court, Assumption Parish) rendered by the same trial court, on the same date, concerning the same parties, which were also certified as final under La. Code Civ. P. art. 1915(B). See **Pontchartrain Natural Gas System v. Texas Brine Company, LLC,** 2022-1001 (La. App. 1st Cir. 3/1/23), ___ So.3d ___, 2023 WL 2291514 and **Crosstex Energy Services, LP v. Texas Brine Company, LLC,** 2022-1040 (La. App. 1st Cir. 3/23/23), ___ So.3d ___, 2023 WL 2607770.

The appeal in **Pontchartrain** was dismissed after a different panel of this court determined that subject matter jurisdiction did not exist. **Pontchartrain,** ___ So.3d at ___, 2023 WL 2291514 at *5. Specifically, this court concluded that the May 5, 2022 partial summary judgment did not meet the requirements of an appealable judgment under La. C.C.P. art. 1915(B) and **R.J. Messinger, Inc. v. Rosenblum,** 2004-1664 (La. 3/2/05), 894 So.2d 1113. **Id.** Although Texas Brine and Legacy Vulcan entered into several interdependent contracts, the issue on appeal was limited to Texas Brine's claim against Legacy Vulcan for breach of the parties' Assignment of Salt Lease. **Pontchartrain,** ___ So.3d at ___, 2023 WL 2291514 at *4. Therefore, any decision by this court on this limited claim, "without consideration of the remaining interdependent contracts and claims thereupon,

2

would merely result in inefficient, piecemeal, and possibly conflicting resolution of only a minor part of the parties' related contract claims." **Id.** (citing **Pontchartrain Natural Gas System v. Texas Brine Company, LLC,** 2022-0738 (La. App. 1st Cir. 12/29/22), ___ So.3d ___, 2022 WL 17983139, *4). See also La. Civ. Code art. 2053 ("A doubtful provision [in a contract] must be interpreted in light of the nature of the contract, equity, usages, the conduct of the parties before and after the formation of the contract, *and of other contracts of a like nature between the same parties.*" (Emphasis added.))

In **Crosstex,** ___ So.3d at ___, 2023 WL 2607770, *1, this court determined that no material distinctions existed between the judgment and issues presented in **Crosstex** and those presented in **Pontchartrain,** ___ So.3d ___, 2023 WL 2291514, and that the **Crosstex** judgment did not meet the requirements of a final appealable judgment under La. Code Civ. P. art. 1915(B) and **Messinger,** 894 So.2d at 1122. Finding that this court lacked subject matter jurisdiction over the appeal, the appeal was dismissed and the matter remanded to the trial court for further proceedings. **Crosstex,** ___ So.3d at ___, 2023 WL 2607770, *1-2.

Similarly, a thorough review of the record in the present appeal reveals no material distinctions between the judgments and issues presented in this appeal and those presented in **Crosstex,** ___ So.3d at ___, 2023 WL 2607770, and **Pontchartrain,** ___So.3d ___, 2023 WL 2291514. For the reasons explicitly set forth in **Pontchartrain,** 2023 WL 2291514, *4, and adopted in **Crosstex,** ___ So.3d at ___, 2023 WL 2607770, *1, we find the May 5, 2022 judgment at issue in this appeal does not meet the requirements of a final appealable judgment under La. Code Civ. P. art. 1915(B) and **Messinger,** 894 So.2d at 1122. Therefore, we lack subject matter jurisdiction over this appeal.

3

We dismiss the appeal and remand the matter to the trial court for further proceedings consistent with this opinion.[1] This summary disposition is issued in accordance with Uniform Rules – Courts of Appeal, Rule 2-16.2(A)(1), (2), (4), and (6). All costs of this appeal are assessed equally between Texas Brine Company, LLC and Legacy Vulcan, LLC.

**APPEAL DISMISSED; CASE REMANDED.**

---

[1] Legacy Vulcan's motion to dismiss the appeal is denied as moot in light of our disposition of this matter.

4